**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# EXHIBIT B-1

US008881738B2

(12) **United States Patent**
Bryman

(10) **Patent No.:**    **US 8,881,738 B2**
(45) **Date of Patent:**    *Nov. 11, 2014

(54) **INTEGRATED SMOKING DEVICE**

(76) Inventor:    **Gary Bryman**, Mar Vista, CA (US)

( * )    Notice:    Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 915 days.

This patent is subject to a terminal disclaimer.

(21)    Appl. No.: **13/046,129**

(22)    Filed:    **Mar. 11, 2011**

(65)    **Prior Publication Data**

US 2011/0162663 A1    Jul. 7, 2011

**Related U.S. Application Data**

(63)    Continuation-in-part of application No. 11/260,018, filed on Oct. 26, 2005, now Pat. No. 7,753,055.

(51)    **Int. Cl.**
| | | |
|---|---|---|
| *A24F 13/00* | (2006.01) | |
| *A24F 17/00* | (2006.01) | |
| *A24F 25/00* | (2006.01) | |
| *A24D 1/10* | (2006.01) | |
| *A24F 1/10* | (2006.01) | |
| *A24F 9/10* | (2006.01) | |
| *A24F 3/00* | (2006.01) | |
| *A24F 47/00* | (2006.01) | |
| *A24F 11/00* | (2006.01) | |
| *A24F 5/04* | (2006.01) | |
| *A24F 1/02* | (2006.01) | |
| *A24F 13/04* | (2006.01) | |

(52)    **U.S. Cl.**
CPC ...................................... *A24F 3/00* (2013.01)
USPC ........ **131/329**; 131/351; 131/330; 131/184.2; 131/185; 131/328; 131/198.2; 131/215.1; 131/223

(58)    **Field of Classification Search**
USPC ............. 131/351, 330, 184.2, 185, 329, 328, 131/198.2, 215.1, 223
See application file for complete search history.

(56)    **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,422,821 | A * | 1/1969 | Calkins | 131/195 |
| 6,196,232 | B1 * | 3/2001 | Chkadua | 131/222 |
| 2004/0187879 | A1* | 9/2004 | Iordan | 131/194 |

* cited by examiner

*Primary Examiner* — Richard Crispino
*Assistant Examiner* — Matthew Hoover
(74) *Attorney, Agent, or Firm* — J. Curtis Edmondson; Law Offices of J. Curtis Edmondson

(57)    **ABSTRACT**

A smoking device having an integrated lighter, a bowl for holding an igniteable vegetable product, and a duct for drawing smoke like a pipe. The device consists of an ignition switch located on the side of the pipe in natural proximity to the thumb, a piezo-electric ignition system, a flammable gas delivery system, a bowl for holding smoking material, and an aperature for drawing the smoke emitted from the ignited vegetable product.

**8 Claims, 7 Drawing Sheets**





Fig. 1



Fig. 2



Fig. 3



Fig. 4



Fig. 5



Fig. 6



Fig. 7

US 8,881,738 B2

**1**

## INTEGRATED SMOKING DEVICE

### CROSS REFERENCE TO RELATED APPLICATIONS

This application is a Continuation-In-Part and claims priority to and the benefit of U.S. patent application Ser. No. 11/260,018 filed Oct. 26, 2005, and issued as U.S. Pat. No. 7,753,055 on Jul. 13, 2010, entitled "INTEGRATED SMOKING DEVICE"; and claims priority to and the benefit of U.S. patent application Ser. No. 11/875,793 filed on Oct. 17, 2007, entitled "INTEGRATED SMOKING DEVICE" the entire disclosure of which is hereby incorporated by reference as if set forth in its entirety for all purposes.

### BACKGROUND

The present inventive subject matter relates to a device for smoking. More specifically, the present inventive subject matter relates to an apparatus and a method for smoking with a single integrated device.

Smoking pipes are well known in the arts. A typical pipe consists of cylindrical bowl with a rounded depression for holding shredded or granulated vegetable matter (hereinafter "smoking material"). The base of the bowl has a small hole that is connected to a tube. The user of the smoking pipe breathes air in through the tube, which draws air through the smoking material. The user of the smoking pipe ignites the smoking material while drawing air through the tube. The smoke from the ignited material is then drawn into the lungs of the user via the tube during the inhalation process.

The process of smoking typically involves two separate devices. There is a pipe that holds the smoking material and an ignition device. The impracticality of the two devices is that sometimes the user will forget one of the devices. The common phrase, "Do you have a light?", albeit serving the purpose of social interaction, does not alleviate the problem of looking for a lost matchbook or a lighter.

In addition, the bowl for holding smoking material is impractical for long-term storage. Pipes with open bowls may be easily upset, dispersing smoking material unexpectedly. In addition, exposure to air lessens the freshness and flavor of smoking material. This necessitates the use of a separate sealed pouch with restricted air flow to store smoking material. These pouches are often large and not easily transported in a shirt or pants pocket. The time required to load smoking material presents a barrier to instant gratification of the urge to smoke.

Further, smoking devices may be brittle or have irregular shapes or sizes, making it difficult for a user to transport. Some pipes may be made of brittle materials unsuitable for transportation in a handbag or include extensions that may be broken off. Irregular shapes or large size make storage in a shirt or pants pocket impractical.

Finally, smoking devices typically need to be operated with two hands: one hand holding a pipe containing smoking material and another hand holding a lighter. This requires the user to put down any object such as a cell phone they may be carrying. With the ubiquitous use of cell phones in modern times, this may be significant hardship.

Relevant prior art includes devices, such as clay, corn cob, and briar pipes as well as water pipes or hookahs. These prior art devices lack both an integrated igniter and the ability to easily store and transport smoking material.

### SUMMARY

The present inventive subject matter provides an integrated smoking device that includes a bowl for holding smoking

**2**

material, an ignition source, a fuel source directing fuel at the bowl, and a chamber to carry smoke to the user. Some embodiments may include a cover over the bowl. Some embodiments introduce the flame within the bowl. Other embodiments position the flame above the bowl. The integrated smoking device may be of the approximate dimensions to be held in the palm of an adult's hand.

One embodiment includes a housing made of metal a bowl formed from a depression in the housing. This bowl holds the smoking material. A slidable cover is positioned over the bowl and can be moved to cover the bowl or retracted into the housing. An aperture within the bowl is connected to a chamber to carry smoke to the user. When not in use, the device is roughly the shape of a rectangular prism with the chamber to carry smoke extending beyond the generally rectangular shape. A movable arm includes an ignition source, an aperture to emit fuel, and a tube to transport fuel. The movable arm lies flat in line with the housing when the device is not in use and swings to position the flame over the bowl when the device is in use. A user control located on the side of the housing controls the movable arm, initiates the flow of fuel, and triggers the igniter. A flame adjustment allows the maximum fuel flow when the user control is depressed to be increased or decreased.

A typical use of this embodiment consists of the user placing an amount of smoking material into the bowl in advance. When the user desires to smoke, the user opens the retractable cover and activates the user control. This initiates the flow of fuel, triggers the igniter to ignite the fuel, and causes the movable arm to swing up, directing the flame at the bowl in a single operation. When the user draws from the chamber, the flame is deflected downwards, igniting the smoking material. As the smoking material burns, the user draws smoke through the chamber, via his or her mouth.

In a different embodiment, a hand-sized integrated smoking device includes a bowl with a retractable cover for smoking material. The device is roughly the shape of a rectangular prism. Within the bowl there are three apertures. The first aperture provides a spark source, the second aperture provides a source of fuel, and the third aperture connects to a chamber to carry smoke to the user. The user is able to breathe in the smoke from the chamber through a hole. There is a wire to transport the piezoelectric impulse, a tube to transport the source of fuel, and chamber to carry smoke to the user. The device is activated by a user control on the side of the housing which both initiates the fuel flow and triggers the piezoelectric striker.

These and other embodiments are described in more detail in the following detailed descriptions and the figures.

The foregoing is not intended to be an exhaustive list of embodiments and features of the present inventive subject matter. Persons skilled in the art are capable of appreciating other embodiments and features from the following detailed description in conjunction with the drawings.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is an isometric top exterior view of one embodiment of the integrated smoking device with a bowl depicting the movable arm in the active position and the bowl uncovered.

FIG. **2** is a top exterior view of one embodiment of the integrated smoking device with the bowl fully exposed and the movable arm in the active position.

FIG. **3** is a side exterior view of one embodiment of the integrated smoking device with the movable arm in the active position.

US 8,881,738 B2

| 3 | 4 |

FIG. **4** is an exterior end view of one embodiment of the integrated smoking device with the flame adjustment and smoke chamber visible and the movable arm in the active position.

FIG. **5** is a top isometric view of one embodiment depicting internal components with the bowl partially exposed and the movable arm in the inactive position.

FIG. **6** is a top view of one embodiment depicting internal components with the bowl partially exposed and the movable arm in the inactive position.

FIG. **7** is an isometric top view of one embodiment depicting internal components with the bowl partially exposed and the movable arm in the inactive position.

DETAILED DESCRIPTION

While describing the inventive subject matter and its embodiments, various terms will be used for the sake of clarity. These terms are intended to not only include the recited embodiments but also all equivalents that perform substantially the same function, in substantially the same manner, to achieve the same result.

One embodiment of the integrated smoking device with a movable arm that rotates and an off-center bowl is shown in FIGS. **1-7**. FIG. **1** illustrates an isometric view of the device **10**. This embodiment includes a housing to which components may be attached. The shape of this embodiment is generally that of a rectangular prism with a small projection beyond a rectangular shape for the smoke tube housing **90** and the draw end **100**. While the faces are generally planar, they incorporate slight curvature for a pleasing design. These measurements of this embodiment are approximately 3⅜ inches by ½ inch by 1½ inches.

The device **10** includes user control **20**. User control **20** causes the rotatable arm **30** to rotate into the active position as shown. Rotatable arm **30** includes a flame assembly **50** and an air intake aperture **40**. The bowl **60** is located off-center relative to the left and right sides of the device and includes a slidable cover **70** shown in the open position. The smoke chamber is a tube in this embodiment. The smoke tube housing **90** extends beyond the end face of the device **10** to enclose the smoke tube. The smoke tube (not shown) extends from draw end **100** to the bowl **60**. A removable screen (not shown) may be used to separate the tube from the bowl. One function of the screen is to deter burning smoking material from entering the smoke tube.

The flame assembly **50** is shown positioned so that fuel is directed at the bowl **60**. In this embodiment, when the fuel is ignited, the flame projects above the bowl when the user does not draw air through draw end **100**. If smoking material is packed entirely within the bowl, the flame may not ignite the smoking material. If smoking material projects out of the bowl, the flame may ignite the smoking material when the user does not draw air through draw end **100**. One advantage of projecting the flame above the smoking material is to allow unburned fuel to dissipate in the open air. When the user draws air through draw end **100**, the flame may be deflected to contact the smoking material.

The smoke tube and the bowl are fluidly coupled to allow gases and particles to flow between them. When the user creates vacuum pressure at draw end **100**, air and smoke are drawn through the smoke tube (not shown) from the bowl **60**. Flame adjustment **80** allows variation in the maximum flow of fuel when the user control is engaged to increase or decrease the maximum size of the flame.

Insertion or removal of screw **110** allows for assembly or disassembly of the exterior shell casing. Removal of the screw allows the exterior shell to be pulled back and the inner contents revealed.

FIG. **2** is a top exterior view showing user control **20**, rotatable arm **30** in the active position, air intake aperture **40**, bowl **60**, and smoke tube housing **90**. Cover **70** is depicted in the open configuration.

FIG. **3** is a side exterior view of device **10** showing rotatable arm **30** in the active position. The figure also depicts flame assembly **50**, smoke tube housing **90**, and draw end **100**. Flame adjustment **80** is visible because of a slight curvature in the end face.

FIG. **4** is an exterior end showing rotatable arm **30** in the active position. Flame adjustment **80**, smoke tube housing **90**, draw end **100**, and screw **110** are also shown.

FIG. **5** is an isometric view depicting internal components. Cover **70** is held slidably in a depression allowing it to slide back and forth between a closed and open position. In the closed position, cover **70** completely covers bowl **60**. In the open position, cover **70** retracts within the housing so bowl **60** is uncovered. The position shown is partway between open and closed positions.

User control **20** is rotatably engaged to user control pivot **220**. When depressed, user control **20** causes a number of actions including rotatable arm **30** to rotate into active position, fuel to flow, and the fuel to ignite.

Activation of user control **20** causes rotatable arm **30** to rotate as follows. When user control **20** is activated, user control far edge **240** of user control **20** contacts and communicates pressure to stop **250**. Rotatable arm pivot **260** is connected to both rotatable arm **30** and the housing and allows rotatable arm **30** to rotate. Stop **250** is rigidly connected to rotatable arm **30**. Pressure on stop **250** communicated from user control far edge **240** causes rotatable arm **30** to rotate in a counter-clockwise direction around pivot **260**. Thus, rotatable arm **30** is rotatably coupled to the housing. Spring **270** provides a restoring force, resisting pressure on stop **250** from user control far edge **240** and returning rotatable arm **30** to the inactive position when user control **20** is released.

Operating user control **20** opens the fuel flow as follows. When activated, the user control **20** is activated, user control near edge **21** of user control **20** contacts and communicates pressure to the rocker arm near edge **211** of rocker arm **210**. Rocker arm **210** may rotate around fixed point rocker arm pivot **230**. When rocker arm **210** rotates clockwise, rocker arm opposite edge **213** contacts and communicates force to strip near edge **281**. Reservoir pivot finger **311** extends from reservoir **310**. Pressure on strip near edge **281** causes strip **280** to pivot about reservoir pivot finger **311**, causing strip far edge **282** to open fuel valve **315** (not shown), enabling fuel flow. When fuel value **315** is open, fuel is allowed to flow from reservoir **310** through fuel feed tube **320**.

Activation of user control **20** also causes ignition by spark as follows. When rocker arm **210** rotates clockwise, rocker arm **210** also contacts and communicates pressure to piezoelectric striker **235**. Piezoelectric striker **235** is electrically connected to flame assembly **50**, in this case by a wire (not shown). Piezoelectric striker **235** builds pressure to a release point, then applies force suddenly to an internal piezoelectric element which provides an electrical impulse. The electrical impulse is carried to flame assembly **50**, causing a spark.

In this embodiment, the novel design of user control **20** allows three functions to be performed on activation: rotating rotatable arm **30** into the active position, allowing fuel to flow, and causing the fuel to ignite. Combination of these three operations allows one-hand operation of the device.

US 8,881,738 B2

**5**

FIG. **6** shows additional detail. Flame assembly **50** comprises fuel aperture **400**, igniter **405**, empty space **410**, spark gap **415**, and flame aperture **420**. Fuel feed tube **320** connects fuel valve **315** to fuel aperture **400**. Igniter wire (not shown) conducts an electrical impulse from piezoelectric striker **235** to igniter **405** causing a spark across spark gap **415** between igniter wire and flame aperture **420**. When fuel is flowing from fuel aperture **400**, a spark from igniter **405** will ignite the fuel causing flame to emerge from flame aperture **420**.

When rotatable arm **30** is in the active position, flame is emitted from flame aperture **420** directed at the bowl **60**. When the user inhales, air and smoke are drawn from bowl **60** through smoke tube **300** to draw end **100**. Fuel feed tube **320** connects reservoir **310** to fuel aperture **400** and allows fuel to flow when fuel valve **315** is open. Refill inlet **430** allows fuel to be inserted into reservoir **310**.

FIG. **7** shows a cutaway view depicting a cross-section of smoke tube **300**. Rotatable arm **30** is shown in the inactive position. Cover **70** is shown halfway between open and closed position. Also depicted are user control **20**, stop **250**, and reservoir **310**.

As used herein, "fuel" refers to any combustible material liquid, solid, gel, or gas including butane, alcohol, and naphtha. It may be comprised of a mixture of flammable materials. It may include additives to accelerate, retard, or equalize combustion rate or temperature. It may be selected to provide compact storage, heat output, desired flammability or inflammability, and safety.

As used herein, "tube" refers to any method suitable for transporting the intended material. Tubes may be constructed from any materials that satisfy their design requirements, for example, the tube that connects the fuel source to the bowl may not be degrade when in contact with the fuel. Tubes may be round, square, or any other shape in cross section and may be rigid or flexible. A tube may consist of a void in internal components rather than a discrete component. A tube may also include a screen at one end, the other end, or somewhere in the middle or a screen may be used outside the tube. A screen may be used with a smoke tube to prevent burning smoking material from entering the smoke tube.

As used herein, "igniter" refers to any method of igniting fuel including a spark. The igniter may work through discharge of a electrical impulse generated in piezoelectric, electric, chemical, or mechanical manner, contact of materials such as flint and steel, a pilot light, compression, or thermal heating. The igniter may make use of a battery.

As used herein, "directed at the bowl" refers to any method which positions the flame to ignite the smoking material. This includes positioning the flame near the bowl, directing the flame into the bowl, or creating a flame within the smoking material. This includes positioning the flame near the bowl in such a way that the flame does not contact the smoking material unless air is drawn, deflecting the flame.

As used herein, "user control" refers to any structure or mechanism allowing the user to effect device behavior. It may be a two-position switch with on and off positions, a continuous switch allowing variable positioning continuously anywhere within a range of positions, or some combination of the two. A user control may control one or more functions in a single operation. A user control may activate fuel flow and fuel ignition in a single action. A user control may activate fuel flow, fuel ignition, and movable arm motion in a single action. A user control may activate fuel flow, fuel ignition, and uncovering of the bowl. A user control may activate fuel flow, fuel ignition, movable arm motion, and uncovering the bowl. A user control may be specially adapted for left-handed or right-handed use or for equal ease of use with either hand.

**6**

As used herein, "gaseous flow" between two points refers to the significant likelihood that gases and floating particles could flow between those two points without dispersing in intervening air. It does not require absolute containment of the gases or floating particles. Mere proximity is often sufficient. Enabling gaseous flow for the smoke tube includes positioning the smoke tube close to smoking material, within the bowl, above the bowl, and any position where significant amounts of smoke may be drawn by the user. Gaseous flow may include a screen to restrict large particles or solids.

The bowl may be formed from a depression in the housing or a separate component attached to the housing. Smoking material may be placed entirely in the bowl or may project above the bowl.

A cover for the bowl may or may not be included. The cover may be attached or detachable, slidable, hinged, or using some other method of operation. The cover may be composed of metal, plastic, rubber, silicone, or some other material or combination of materials that may significantly or totally restrict smoking materials, air, or both through a contact or proximity with the bowl. The cover may be adapted to keep out air, preserving the freshness of the smoking material. The cover may be adapted to retain small particles of smoking material in the bowl. The cover may include a mechanism such a latch to hold the cover in one or more position.

The device may produce sensory input of some kind in addition to normal operation of the device. This sensory input may be visual. The visual stimulus may be either colored or white. The visual stimulus may be illuminate the flame, bowl, or smoking material. The source of the visual stimulus may be incorporated into the bowl, movable arm, user control, or external body of the device if present in the particular embodiment. The source of the visual stimulus may be powered by piezoelectric source or by battery and may operate on ignition or during use.

The sensory input may be auditory. The auditory stimulus may include sounds or music produced by a sound-emitting device. The auditory stimulus may be generated when the user control is initially operated or continuously as long as the user control is depressed. The sound-emitting device may use any known technology for producing sound including but not limited to piezoelectric and magnetic, static and dynamic.

The exterior of the device may be of suitable construction consisting of either metal or plastic such as to satisfy certain durability, cost, and recycling objectives. The exterior of the device may be electro-plated, painted, chemically or laser etched. The exterior of the device may be personalized using a design, artwork, or graphic or the name or initials of the user.

Likewise, internal components may be constructed of various materials to satisfy the requirements of the device. For example, the bowl may be constructed of a ceramic or glass to prevent the imparting of a metallic taste to the smoke upon ignition. The bowl may be centered or positioned off center from the main axis of the device.

The shape of the device may be roughly the shape of a rectangular prism, roughly the shape of a rectangular prism with a short portion of the smoke tube extending, roughly the shape of a rectangular prism with the user device extending, or some other shape.

The device may be designed to make left or right-handed use easier, may be designed to be operated with equal ease by either hand alone or be designed for two-handed use.

A refill mechanism may be included or the device may be disposable. In either case, the lighter may be composed of materials selected for their ability to be recycled.

US 8,881,738 B2

7

The device may include additional reservoirs of the same or different fuel. The device may also include additional reservoirs to hold various smoking materials.

The device may include a flame adjustment to allow user control of the maximum fuel flow when the device is in use.

Persons skilled in the art will recognize that many modifications and variations are possible in the details, materials, and arrangements of the parts and actions which have been described and illustrated in order to explain the nature of this inventive concept and that such modifications and variations do not depart from the spirit and scope of the teachings and claims contained therein.

The invention claimed is:

**1**. An integrated smoking device comprising:

a housing;

a bowl disposed in the housing;

a smoke tube coupled to the bowl at a bowl end allowing gaseous flow from the bowl end to a draw end;

a flame assembly associated with a fuel aperture for directing fuel for a flame near the bowl and approximately parallel to the bowl;

an igniter arranged near the fuel aperture so that when the fuel aperture is directing fuel, the igniter ignites the fuel; and

a moveable arm, said moveable arm externally and proximately mounted near the bowl, the moveable arm further comprising the flame assembly and an air intake aperture;

wherein said moveable arm has an active position and an inactive position,

8

wherein said moveable arm is thrust above the housing in the active position and is lowered towards the housing in the inactive position; and

wherein said flame assembly further comprises said fuel aperture and said igniter;

a user control arranged such that a user may activate the igniter and cause fuel to flow from the fuel aperture, so as to produce a flame directed at the bowl, in a single operation.

**2**. The integrated smoking device of claim **1** wherein the igniter is triggered by an electrical impulse from a piezoelectric striker.

**3**. The integrated smoking device of claim **1** wherein at least one of the fuel aperture and the igniter are disposed in the moveable arm having at least an active position where a flame is directed at the bowl and an inactive position where a flame is not directed at the bowl.

**4**. The integrated smoking device of claim **3** wherein the moveable arm moves linearly from the active position to the inactive position.

**5**. The integrated smoking device of claim **3** wherein the moveable arm rotates from the active position to the inactive position.

**6**. The integrated smoking device of claim **3** wherein the bowl is integrated within the housing.

**7**. The integrated smoking device of claim **6** wherein the bowl is integrated between two generally parallel, elongated planar surfaces of the housing.

**8**. The integrated smoking device of claim **3** wherein the bowl is fabricated from glass.

\*    \*    \*    \*    \*

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO.       : 8,881,738 B2

APPLICATION NO.    : 13/046129

DATED            : November 11, 2014

INVENTOR(S)        : Gary Bryman

Page 1 of 1

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

On the title page item (57),

Line 2: igniteable needs to be replaced with ignitable.

Line 7: aperature needs to be replaced with aperture.

Signed and Sealed this

Seventeenth Day of February, 2015

*Michelle K. Lee*

Michelle K. Lee

*Deputy Director of the United States Patent and Trademark Office*

# EXHIBIT B-2

1 | J. Curtis Edmondson, CSB No. 236105
Law Offices of J. Curtis Edmondson
2 | Venture Commerce Center
3699 NW John Olsen Place
3 | Hillsboro, OR 97124
Telephone: (503) 336-3749
4 | Facsimile: (503) 214-8470
5 |
Attorney for Plaintiff
6 | SOLO INDUSTRIES, INC.
7 |
8 |
9 |                          **UNITED STATES DISTRICT COURT**
10 |                        **CENTRAL DISTRICT OF CALIFORNIA**
11 |
12 |
13 |                                   CV12-065166 W(PJWx)
14 | SOLO INDUSTRIES, INC.,              **CASE NO.**
15 |          Plaintiff,                 COMPLAINT FOR:
16 |     v.                              1. Patent Infringement
17 | MBYAN, INC., ARY DISTRIBUTION, INC.    2. Trademark Infringement,
                                            False Advertising, and Unfair
18 |                                         Business Practices
            Defendants.                  3. Counterfeiting
19 | _____/    4. Copyright Infringement
20 |                                    **JURY TRIAL DEMAND**
21 |
22 | Plaintiff Solo Inudsutries, Inc. (hereinafter "SOLO") alleges as follows:
23 |
24 |
25 |
26 |
27 |
28 |
                                   1
     **COMPLAINT**

1

## INTRODUCTION

2      1.     This action seeks damages for patent infringement, trademark infringement,

3 false advertising, unfair business practices, product counterfeiting, and copyright

4 infringement relating to the unauthorized sale of Solopipes. The claims are made against

5 MBYAN, INC. ("MBYAN") and ARY DISTRIBUTION, INC. aka ARY DISTRIBUTOR

6 ("ARY") collectively referred to as "Defendants".

7      2.     The Solopipe is a novel invention conceived in California and marketed

8 internationally. The Solopipe combines the functionality of a lighter with a pipe. When

9 the Solopipe was released it was well received by the consuming public and had

10 significant sales.

11      3.     The Solopipe had commercial success both in the United States and

12 internationally. SOLO acquired patents, trademarks, and copyrights to protect the

13 valuable intellectual property associated with the Solopipe.

14      4.     Despite an array of intellectual property rights protecting the Solopipe, there

15 is significant counterfeiting. These counterfeit Solopipes deceive the consumer into

16 believing the product that they purchased was an authorized product. The consumers

17 falsely believe, when purchasing the counterfeit Solopipe, that they will receive all of the

18 benefits of a legitimate product.

19

20

## PARTIES

21      5.     Plaintiff SOLO is a corporation duly organized and operating under the laws

22 of the State of California with its principal place of business located in the County of Los

23 Angeles, State of California.

24      6.     Defendant MBYAN is a California Corporation which has its principal place

25 of business in the County of Los Angeles, State of California. MBYAN is engaged in the

26 business of importing, distributing, offering to sell, and selling products that counterfeit the

27 Solopipe.

28

2

COMPLAINT

7.    Defendant ARY is a California Corporation that has its principal place of business in the County of Orange, State of California.  On good faith and belief, ARY is also known as ARY Distributor. ARY is engaged in the business of importing, distributing, offering to sell, and selling products that counterfeit the Solopipe.

8.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of Court to amend this complaint to show their true names and capacities when the same have been ascertained.

9.    The corporate officers and directors of MBYAN and ARY directed and controlled the infringing activity of importation of counterfeit products.  Plaintiff will seek amendment of this complaint to include the corporate officers and directors of MBYAN and ARY as parties who are personally liable for this infringing activity.

10.    The landlords that lease the physical premises to MBYAN and ARY either intentionally allowed MBYAN and ARY to import, offer to sell, sell, and distribute counterfeit products or were willfully negligent to such infringing activities.

## JURISDICTION

11.    This Court has jurisdiction over Plaintiff's Patent Act and Lanham Act claims.  This Court has pendent jurisdiction on all state law claims.

12.    Venue is proper under 28 U.S.C. §§ 1391 (b) and (c) because a substantial part of the events giving rise to the claims occurred in this district.  Further, Defendants have a physical business presence in this jurisdiction.

13.    This case is related to 2:11-cv-01420-SJO-JCG *Solo Industries, Inc. v. Global imports et al.*

3

**COMPLAINT**

## FIRST CAUSE OF ACTION – PATENT INFRINGEMENT
### 35 U.S.C. §§ 271, 283, 284, 285, 289 etc

14. SOLO repeats and realleges each of the allegations set forth in paragraphs 1 through 13, inclusive, and the same are incorporated herein by reference.

15. SOLO is the owner of the U.S. Design Patent D577,150 (the '150 Patent) for an "Integrated Smoking Implement" issued on September 16, 2008. (Exhibit A).

16. SOLO is the owner of U.S. Utility Patent 7,905,236 (the '236 Patent) for an "Integrated Smoking Device". (Exhibit B).

17. Defendants MBYAN and ARY have imported, offered to sell, sold, distributed, and caused to be manufactured, integrated smoking devices that infringe at least one claim of the '150 and '236 patents.

18. In particular, MBYAN (www.mbyan.com) advertised and continues to advertise on its website (www.wickiepipe.com) the unauthorized sale of counterfeit Solopipes and further markets a product known as the "Spark 604" that infringes on at least on claim of the '150 patent. (Exhibit C).

19. Further, ARY advertised and continues to advertise on the well-known "Alibaba" website (www.alibaba.com) and its company website (www.arywholesale.com) that it imports, sells, and distributes infringing Solopipes. (Exhibit D)

20. ARY and MBYAN committed the patent infringement with full knowledge of the existence of these patents.

21. Defendants' sale of these counterfeit and infringing products reduced consumer demand and sale of legitimate Solopipes, damaging SOLO.

22. Defendants' sale of these counterfeit and infringing products increased the maintenance and support costs, damaging SOLO.

4

COMPLAINT

## SECOND CAUSE OF ACTION – TRADEMARK INFRINGEMENT, FALSE ADVERTISING, and UNFAIR BUSINESS PRACTICES

15 U.S.C. §§1116, 1117, 1118, 1125 etc

Cal Bus and Prof Code §§14245, 14247, §§17200 etc, §§17500 etc

23.    SOLO repeats and realleges each of the allegations set forth in paragraphs 1 through 22, inclusive, and the same are incorporated herein by reference.

24.    SOLO is the owner of U.S. Trademark Registration 3,375,493 for the mark "SOLOPIPE" and has a registered California trademark, likewise for the mark SOLOPIPE. (Collectively "SOLO MARKS"). (Exhibit E).    Furthermore, SOLO has common law trademark rights for its use of the SOLO MARKS

25.    SOLO has placed the SOLO MARKS on the integrated smoking device in such a manner that the consuming public associates the word "SOLOPIPE" with a unique, integrated lighter. The SOLOPIPE mark is further stamped on the housing of the lighter, screened on the sales case, and prominently depicted on the www.solopipe.com website.

26.    Defendants MBYAN and ARY have imported, offered to sell, sold, distributed, and caused to be manufactured, without authorization and without license from SOLO, integrated smoking devices that bear the infringing SOLO MARKS.

27.    In particular, MBYAN advertised and continues to advertise on its website the unauthorized sale of counterfeit Solopipes that infringe on the SOLO MARKS. (Exhibit C).

28.    Further, ARY advertised and continues to advertise on the well-known "Alibaba" website (www.alibaba.com) and its company website (www.arywholesale.com) that it imports, sells, and distributes infringing Solopipes that infringe on the SOLO MARKS.  (Exhibit D).

5

COMPLAINT

1    29.    Neither ARY nor MBYAN have sought or obtained a license from SOLO to
2 use the SOLO MARKS on the counterfeit products, websites, and/or other marketing
3 material.

4    30.    The unauthorized use by ARY and MBYAN of the SOLO MARKS on their
5 counterfeit products has caused consumer confusion about the source and sponsorship
6 of the counterfeit products. Such unauthorized use of the SOLO MARKS in connection
7 with websites and other printed advertisements constitutes false advertisement under
8 both the federal and state trademark laws.

9    31.    Furthermore, as the Parties are competitors in the market for integrated
10 smoking devices, Defendants' sale of counterfeit products bearing the unauthorized
11 federal and state registered trademarks constitutes an unfair business practice.

12

13                **THIRD CAUSE OF ACTION – COUNTERFEITING**

14                             15 U.S.C. §§1117

15                        Cal Bus and Prof Code §§14250

16

17    32.    SOLO repeats and realleges each of the allegations set forth in paragraphs
18 1 through 31, inclusive, and the same are incorporated herein by reference.

19    33.    Counterfeiting has been recognized as a serious issue resulting in
20 tremendous losses to American businesses. To combat counterfeits, Congress passed
21 the "Anticounterfeiting Consumer Protection Act of 1996" (ACPA).

22    34.    California has a similar statute in Business and Professions Code § 14250.

23    35.    The unauthorized use by ARY and MBYAN of the SOLO MARKS on
24 counterfeit products that they have distributed has caused and is causing consumer
25 confusion about the source and sponsorship of these counterfeit goods.

26    36.    The sale of these counterfeit products by ARY and MBYAN has caused
27 considerable damage to the goodwill of SOLO and diminished the brand recognition of
28 the SOLOPIPE.

6

**COMPLAINT**

37. The sale of these counterfeit products by ARY and MBYAN has further resulted in lost profits to SOLO and has resulted in a windfall for ARY and MBYAN.

38. Furthermore, the landlords leasing the physical premises to ARY and MBYAN either had actual knowledge of the business activities of ARY and MBYAN, such as the importation of counterfeit goods, or were willfully negligent to the same. Despite this knowledge of or willful negligence to the counterfeiting, they leased and materially profited from the activities of their tenants. As such, the landlords are further jointly and severally liable for the counterfeiting.

39. Likewise, the corporate officers and directors of ARY and MBYAN had actual knowledge of the business activities of ARY and MBYAN, such as the importation of counterfeit goods, or were willfully negligent to the same. The corporate officers and directors directed and materially profited from the activities of their companies' counterfeiting, in the form of increased salaries, benefits, and share price. As such, the corporate officers and directors of ARY and MBYAN are further jointly and severally liable for the counterfeiting.

## FOURTH CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

### 17 U.S.C. 504, etc

40. SOLO repeats and realleges each of the allegations set forth in paragraphs 1 through 39, inclusive, and the same are incorporated herein by reference.

41. SOLO is the owner of the creative work known as the "Solopipe Logo". (Exhibit F). The Solopipe Logo is described as a creative work depicting a vapor illustration. This logo is copyrighted and the subject of a copyright application for registration.

42. Defendants MBYAN and ARY have imported, offered to sell, sold, distributed, and caused to be manufactured, without authorization and without license from SOLO, products that bear the infringing "Solopipe Logo" on product cases, in literature, and on their websites.

7

**COMPLAINT**

43. Such copyright infringement was intentional and willful. MBYAN and ARY deliberately and directly used the artwork created by SOLO on their products after accessing the SOLO website or other sources.

44. Use of this copyrighted material has resulted in damages to SOLO both in the form of lost profits and other damages.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as against the Defendants as follows:

1. With regard to Plaintiff's claim for patent infringement:

   a. Actual damages to be trebled for willfulness;

   b. Damages according to statute;

   c. Attorney's fees;

   d. Costs of Suit;

2. With regard to Plaintiff's claim for trademark infringement:

   a. Defendants' profits pursuant to the Lanham Act and California Trademark Law;

   b. Damages sustained by the Plaintiff for trademark infringement;

   c. Attorney's fees;

   d. Costs of Suit;

3. With regard to Plaintiff's claim for counterfeiting:

   a. Defendants' profits and statutory damages of up to $ 1,000,000 per Defendant under the ACPA;

   b. Defendants' profits, these profits being trebled under state law;

   c. Attorney's fees;

   d. Costs of Suit;

   e. Joint and several liability for landlords, officers, and directors for the knowing participation in the counterfeiting activities of the respective defendants.

8

COMPLAINT

4. With regard to Plaintiff's claim for copyright infringement:

   a. Actual Damages;

   b. Attorney's fees;

   c. Costs of Suit;

5. With regard to all claims as presented by the Plaintiff as against the Defendants:

   a. Equitable relief in the form of a temporary, preliminary, and permanent injunction against all Defendants from the importation, distribution, sale, and use of any product, advertisement, and/or website that bears the SOLOPIPE mark, replicates the SOLOPIPE copyrighted logo, and/or infringes any element of the SOLOPIPE patent;

   b. Monetary relief that a jury may see to award.

   c. Statutory Damages of no less than $ 1,000,000.00 per Defendant, Landlord, Officer, or Director under the ACPA.

   d. Confiscation of the domain names www.arydistributors.com and www.wickiepipe.com

For such other and further relief as the Court may deem just and proper.

Dated: July 27, 2012

_____

J. Curtis Edmondson
Attorney for Plaintiff
SOLO INDUSTRIES, INC.

9

**COMPLAINT**

1

2  **JURY TRIAL DEMAND**

3

4    Plaintiff demands a jury trial on all claims as allowed for under the U.S.

5  Constitution.

6

7  Dated: July 27, 2012

8

9                                    _____

10                                   J. Curtis Edmondson
                                     Attorney for Plaintiff
11                                   SOLO INDUSTRIES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            10

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
## U.S. Design Patent D577,150

11

**COMPLAINT**

US00D577150S

(12) **United States Design Patent**       (10) **Patent No.:**       **US D577,150 S**
Bryman et al.                              (45) **Date of Patent:**    ** **Sep. 16, 2008**

(54) **INTEGRATED SMOKING IMPLEMENT**

(75) Inventors: **Gary Bryman**, 16 Fleet St., #2, Venice, CA (US) 93117; **Jay Bendavid**, Central Hong Kong (HK)

(73) Assignee: **Gary Bryman**, Venice, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/284,182**

(22) Filed: **Aug. 31, 2007**

(51) **LOC (8) Cl.** .............................................. **27-02**
(52) **U.S. Cl.** ................................................. **D27/163**
(58) **Field of Classification Search** ............... D27/142, D27/163–169, 172, 183, 194; 131/329, 330, 131/185; 431/253; 206/244
See application file for complete search history.

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,190,062 A * | 2/1980 | Paden ........................ | 131/185 |
| 4,223,687 A * | 9/1980 | Sandeen ..................... | 131/185 |
| D347,490 S * | 5/1994 | Gee et al. ................. | D27/194 |
| 5,388,595 A * | 2/1995 | Shafer ....................... | 131/329 |
| 5,456,269 A * | 10/1995 | Kollasch .................... | 131/330 |
| D368,552 S * | 4/1996 | Adams ....................... | D27/194 |
| 5,529,078 A * | 6/1996 | Rehder et al. ............. | 131/329 |
| 5,638,833 A * | 6/1997 | Bowen et al. .............. | 131/187 |
| 6,014,974 A * | 1/2000 | Possamai ................... | 131/185 |
| D424,236 S * | 5/2000 | Reed .......................... | D27/163 |
| D433,532 S * | 11/2000 | Higgins et al. ............. | D27/186 |

| | | | |
|---|---|---|---|
| 6,260,554 B1 * | 7/2001 | Rowland et al .......... | 131/181 |
| 6,349,728 B1 * | 2/2002 | Pham ....................... | 131/185 |
| 2002/0005207 A1 * | 1/2002 | Wrenn et al. ............. | 131/185 |

* cited by examiner

*Primary Examiner*—Jennifer Rivard
(74) *Attorney, Agent, or Firm*—Ganz Law, P.C.; J. Curtis Edmondson

(57)                **CLAIM**

We claim the ornamental design for an integrated smoking implement, as shown and described.

**DESCRIPTION**

FIG. **1** is a top view of an integrated smoking implement according to our new design;

FIG. **2** is a right side view of an integrated smoking implement shown in FIG. **1**.

FIG. **3** is a front view of an integrated smoking implement shown in FIG. **1**.

FIG. **4** is a bottom view of an integrated smoking implement shown in FIG. **1**.

FIG. **5** is a rear view of an integrated smoking implement shown in FIG. **1**.

FIG. **6** is a left side view of an integrated smoking implement shown in FIG. **1**; and,

FIG. **7** is a side perspective view of an integrated smoking implement shown in FIG. **1**.

**1 Claim, 3 Drawing Sheets**



Case 2:24-cv-06595-GW-PVAR Document 23-4 Filed 07/00/121/25/25 13 Page 28 Page 09D #a2e ID #:292



Fig. 1



Fig. 2



Fig. 3

Case 2:24-cv-06595-GW-PVJWAR Document 23-4 Filed 07/00/1221/25/25 14 Page 29 Page 99 Page ID #:293



Fig. 4



Fig. 5



Fig. 6



Fig. 7

# EXHIBIT B
## U.S. Utility Patent 7,905,236

COMPLAINT

US007905236B2

## (12) United States Patent
### Bryman et al.

(10) Patent No.: **US 7,905,236 B2**
(45) Date of Patent: **Mar. 15, 2011**

(54) **INTEGRATED SMOKING DEVICE**

(76) Inventors: **Gary Bryman**, Venice, CA (US); **Jay Bendavid**, Central Hong Kong (HK)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 651 days.

(21) Appl. No.: **11/875,793**

(22) Filed: **Oct. 19, 2007**

(65) **Prior Publication Data**

US 2008/0121244 A1 May 29, 2008

#### Related U.S. Application Data

(63) Continuation-in-part of application No. 11/260,018, filed on Oct. 26, 2005, now Pat. No. 7,753,055.

(51) **Int. Cl.**

| | |
|---|---|
| *A24D 1/10* | (2006.01) |
| *A24F 1/10* | (2006.01) |
| *A24F 9/10* | (2006.01) |
| *A24F 3/00* | (2006.01) |
| *A24F 47/00* | (2006.01) |

(52) **U.S. Cl.** ..................... **131/351**; 131/330; 131/184.2; 131/185

(58) **Field of Classification Search** ................. 131/351, 131/330, 184.2, 185
See application file for complete search history.

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,422,821 | A | * | 1/1969 | Calkins ........................ 131/195 |
| 3,625,227 | A | * | 12/1971 | Fether et al. ................ 131/225 |
| 5,388,595 | A | * | 2/1995 | Shafer ....................... 131/329 |
| 5,848,596 | A | * | 12/1998 | Zelenik ...................... 131/329 |
| 6,196,232 | B1 | * | 3/2001 | Chkadua .................... 131/222 |
| 2004/0187879 | A1 | * | 9/2004 | Iordan ....................... 131/194 |

* cited by examiner

*Primary Examiner* — Khanh Nguyen
*Assistant Examiner* — Matthew Hoover
(74) *Attorney, Agent, or Firm* — J. Curtis Edmondson

(57) **ABSTRACT**

An integrated smoking device that provides a bowl for holding smoking material, an ignition source, and a mechanism for delivering ignitable fuel near the smoking material. A user control may trigger both flow and ignition of fuel. The device may include a cover for storing smoking material in the bowl when not in use. The device may be adapted for easy storage of the device in a shirt or pants pocket.

**11 Claims, 7 Drawing Sheets**



Case 2:24-cv-06595-JXN-MAH Document 23-4 Filed 07/30/25 Page 33 of 99 PageID #:297



Fig. 1

Case 2:24-cv-06595-GW-PVNAR Document 23-4 Filed 07/30/21 Page 19 of 34 Page D Page
ID #:298



Fig. 2



Fig. 3



Fig. 4



Fig. 5

Case 2:24-cv-06595-GW-PVC Document 23-5 Filed 07/30/21 Page 38 of 99 Page ID #:302



Fig. 6



Fig. 7

US 7,905,236 B2

1

# INTEGRATED SMOKING DEVICE

## CROSS REFERENCE TO RELATED APPLICATIONS

This application is a Continuation-In-Part and claims priority to and the benefit of U.S. patent application Ser. No. 11/260,018 filed Oct. 26, 2005, and issued as U.S. Pat. No. 7,753,055 on Jul. 13, 2010, entitled "INTEGRATED SMOKING DEVICE", the entire disclosure of which is hereby incorporated by reference as if set forth in its entirety for all purposes.

## BACKGROUND

The present inventive subject matter relates to a device for smoking. More specifically, the present inventive subject matter relates to an apparatus and a method for smoking with a single integrated device.

Smoking pipes are well known in the arts. A typical pipe consists of cylindrical bowl with a rounded depression for holding shredded or granulated vegetable matter (hereinafter "smoking material"). The base of the bowl has a small hole that is connected to a tube. The user of the smoking pipe breathes air in through the tube, which draws air through the smoking material. The user of the smoking pipe ignites the smoking material while drawing air through the tube. The smoke from the ignited material is then drawn into the lungs of the user via the tube during the inhalation process.

The process of smoking typically involves two separate devices. There is a pipe that holds the smoking material and an ignition device. The impracticality of the two devices is that sometimes the user will forget one of the devices. The common phrase, "Do you have a light?", albeit serving the purpose of social interaction, does not alleviate the problem of looking for a lost matchbook or a lighter.

In addition, the bowl for holding smoking material is impractical for long-term storage. Pipes with open bowls may be easily upset, dispersing smoking material unexpectedly. In addition, exposure to air lessens the freshness and flavor of smoking material. This necessitates the use of a separate sealed pouch with restricted air flow to store smoking material. These pouches are often large and not easily transported in a shirt or pants pocket. The time required to load smoking material presents a barrier to instant gratification of the urge to smoke.

Further, smoking devices may be brittle or have irregular shapes or sizes, making it difficult for a user to transport. Some pipes may be made of brittle materials unsuitable for transportation in a handbag or include extensions that may be broken off. Irregular shapes or large size make storage in a shirt or pants pocket impractical.

Finally, smoking devices typically need to be operated with two hands: one hand holding a pipe containing smoking material and another hand holding a lighter. This requires the user to put down any object such as a cell phone they may be carrying. With the ubiquitous use of cell phones in modern times, this may be significant hardship.

Relevant prior art includes devices, such as clay, corn cob, and briar pipes as well as water pipes or hookahs. These prior art devices lack both an integrated igniter and the ability to easily store and transport smoking material.

## SUMMARY

The present inventive subject matter provides an integrated smoking device that includes a bowl for holding smoking

2

material, an ignition source, a fuel source directing fuel at the bowl, and a chamber to carry smoke to the user. Some embodiments may include a housing or a cover over the bowl. Some embodiments introduce the flame within the bowl. Other embodiments position the flame above the bowl. The integrated smoking device may be of the approximate dimensions to be held in the palm of an adult's hand.

One embodiment includes a housing made of metal a bowl formed from a depression in the housing. This bowl holds the smoking material. A slidable cover is positioned over the bowl and can be moved to cover the bowl or retracted into the housing. An aperture within the bowl is connected to a chamber to carry smoke to the user. When not in use, the device is roughly the shape of a rectangular prism with the chamber to carry smoke extending beyond the generally rectangular shape. A movable arm includes an ignition source, an aperture to emit fuel, and a tube to transport fuel. The movable arm lies flat in line with the housing when the device is not in use and swings to position the flame over the bowl when the device is in use. A user control located on the side of the housing controls the movable arm, initiates the flow of fuel, and triggers the igniter. A flame adjustment allows the maximum fuel flow when the user control is depressed to be increased or decreased.

A typical use of this embodiment consists of the user placing an amount of smoking material into the bowl in advance. When the user desires to smoke, the user opens the retractable cover and activates the user control. This initiates the flow of fuel, triggers the igniter to ignite the fuel, and causes the movable arm to swing up, directing the flame at the bowl in a single operation. When the user draws from the chamber, the flame is deflected downwards, igniting the smoking material. As the smoking material burns, the user draws smoke through the chamber, via his or her mouth.

In a different embodiment, a hand-sized integrated smoking device includes a bowl with a retractable cover for smoking material. The device is roughly the shape of a rectangular prism. Within the bowl there are three apertures. The first aperture provides a spark source, the second aperture provides a source of fuel, and the third aperture connects to a chamber to carry smoke to the user. The user is able to breathe in the smoke from the chamber through a hole. There is a wire to transport the piezoelectric impulse, a tube to transport the source of fuel, and chamber to carry smoke to the user. The device is activated by a user control on the side of the housing which both initiates the fuel flow and triggers the piezoelectric striker.

These and other embodiments are described in more detail in the following detailed descriptions and the figures.

The foregoing is not intended to be an exhaustive list of embodiments and features of the present inventive subject matter. Persons skilled in the art are capable of appreciating other embodiments and features from the following detailed description in conjunction with the drawings.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is an isometric top exterior view of one embodiment of the integrated smoking device with a bowl depicting the movable arm in the active position and the bowl uncovered.

FIG. 2 is a top exterior view of one embodiment of the integrated smoking device with the bowl fully exposed and the movable arm in the active position.

FIG. 3 is a side exterior view of one embodiment of the integrated smoking device with the movable arm in the active position.

FIG. **4** is an exterior end view of one embodiment of the integrated smoking device with the flame adjustment and smoke chamber visible and the movable arm in the active position.

FIG. **5** is a top isometric view of one embodiment depicting internal components with the bowl partially exposed and the movable arm in the inactive position.

FIG. **6** is a top view of one embodiment depicting internal components with the bowl partially exposed and the movable arm in the inactive position.

FIG. **7** is an isometric top view of one embodiment depicting internal components with the bowl partially exposed and the movable arm in the inactive position.

## DETAILED DESCRIPTION

While describing the inventive subject matter and its embodiments, various terms will be used for the sake of clarity. These terms are intended to not only include the recited embodiments but also all equivalents that perform substantially the same function, in substantially the same manner, to achieve the same result.

One embodiment of the integrated smoking device with a movable arm that rotates into an off-center bowl is shown in FIGS. 1-7. FIG. **1** illustrates an isometric view of the device **10**. This embodiment includes a housing to which components may be attached. The shape of this embodiment is generally that of a rectangular prism with a small projection beyond a rectangular shape for the smoke tube housing **90** and the draw end **100**. While the faces are generally planar, they incorporate slight curvature for a pleasing design. These measurements of this embodiment are approximately 3⅛ inches by ½ inch by 1⅛ inches.

The device **10** includes user control **20**. User control **20** causes the rotatable arm **30** to rotate into the active position as shown. Rotatable arm **30** includes a flame assembly **50** and an air intake aperture **40**. The bowl **60** is located off-center relative to the left and right sides of the device and includes a slidable cover **70** shown in the open position. The smoke chamber is a tube in this embodiment. The smoke tube housing **90** extends beyond the end face of the device **10** to enclose the draw end **100**. The smoke tube (not shown) extends from draw end **100** to the bowl **60**. A removable screen (not shown) may be used to separate the tube from the bowl. One function of the screen is to deter burning smoking material from entering the smoke tube.

The flame assembly **50** is shown positioned so that fuel is directed at the bowl **60**. In this embodiment, when the fuel is ignited, the flame projects above the bowl when the user does not draw air through draw end **100**. If smoking material is packed entirely within the bowl, the flame may not ignite the smoking material. If smoking material projects out of the bowl, the flame may ignite the smoking material when the user does not draw air through draw end **100**. One advantage of projecting the flame above the smoking material is to allow unburned fuel to dissipate in the open air. When the user draws air through draw end **100**, the flame may be deflected to contact the smoking material.

The smoke tube and the bowl are fluidly coupled to allow gases and particles to flow between them. When the user creates vacuum pressure at draw end **100**, air and smoke are drawn through the smoke tube (not shown) from the bowl **60**. Flame adjustment **80** allows variation in the maximum flow of fuel when the user control is engaged to increase or decrease the maximum size of the flame.

Insertion or removal of screw **110** allows for assembly or disassembly of the exterior shell casing. Removal of the screw allows the exterior shell to be pulled back and the inner contents revealed.

FIG. **2** is a top exterior view showing user control **20**, rotatable arm **30** in the active position, air intake aperture **40**, bowl **60**, and smoke tube housing **90**. Cover **70** is depicted in the open configuration.

FIG. **3** is a side exterior view of device **10** showing rotatable arm **30** in the active position. The figure also depicts flame assembly **50**, smoke tube housing **90**, and draw end **100**. Flame adjustment **80** is visible because of a slight curvature in the end face.

FIG. **4** is an exterior end showing rotatable arm **30** in the active position. Flame adjustment **80**, smoke tube housing **90**, draw end **100**, and screw **110** are also shown.

FIG. **5** is an isometric view depicting internal components. Cover **70** is held slidably in a depression allowing it to slide back and forth between a closed and open position. In the closed position, cover **70** completely covers bowl **60**. In the open position, cover **70** retracts within the housing so bowl **60** is uncovered. The position shown is partway between open and closed positions.

User control **20** is rotatably engaged to user control pivot **220**. When depressed, user control **20** causes a number of actions including rotatable arm **30** to rotate into active position, fuel to flow, and the fuel to ignite.

Activation of user control **20** causes rotatable arm **30** to rotate as follows. When user control **20** is activated, user control far edge **240** of user control **20** contacts and communicates pressure to stop **250**. Rotatable arm pivot **260** is connected to both rotatable arm **30** and the housing and allows rotatable arm **30** to rotate. Stop **250** is rigidly connected to rotatable arm **30**. Pressure on stop **250** communicated from user control far edge **240** causes rotatable arm **30** to rotate in a counter-clockwise direction around pivot **260**. Thus, rotatable arm **30** is rotatably coupled to the housing. Spring **270** provides a restoring force, resisting pressure on stop **250** from user control far edge **240** and returning rotatable arm **30** to the inactive position when user control **20** is released.

Operating user control **20** opens the fuel flow as follows. When activated, the user control **20** is activated, user control near edge **21** of user control **20** contacts and communicates pressure to the rocker arm near edge **211** of rocker arm **210**. Rocker arm **210** may rotate around fixed point rocker arm pivot **230**. When rocker arm **210** rotates clockwise, rocker arm opposite edge **213** contacts and communicates force to strip near edge **281**. Reservoir pivot finger **311** extends from reservoir **310**. Pressure on strip near edge **281** causes strip **280** to pivot about reservoir pivot finger **311**, causing strip far edge **282** to open fuel valve **315** (not shown), enabling fuel flow. When fuel valve **315** is open, fuel is allowed to flow from reservoir **310** through fuel feed tube **320**.

Activation of user control **20** also causes ignition by spark as follows. When rocker arm **210** rotates clockwise, rocker arm **210** also contacts and communicates pressure to piezo-electric striker **235**. Piezoelectric striker **235** is electrically connected to flame assembly **50**, in this case by a wire (not shown). Piezoelectric striker **235** builds pressure to a release point, then applies force suddenly to an internal piezoelectric element which provides an electrical impulse. The electrical impulse is carried to flame assembly **50**, causing a spark.

In this embodiment, the novel design of user control **20** allows three functions to be performed on activation: rotating rotatable arm **30** into the active position, allowing fuel to flow, and causing the fuel to ignite. Combination of these three operations allows one-hand operation of the device.

US 7,905,236 B2

5

FIG. 6 shows additional detail. Flame assembly **50** comprises fuel aperture **400**, igniter **405**, empty space **410**, spark gap **415**, and flame aperture **420**. Fuel feed tube **320** connects fuel valve **315** to fuel aperture **400**. Igniter wire (not shown) conducts an electrical impulse from piezoelectric striker **235** to igniter **405** causing a spark across spark gap **415** between igniter wire and flame aperture **420**. When fuel is flowing from fuel aperture **400**, a spark from igniter **405** will ignite the fuel causing flame to emerge from flame aperture **420**.

When rotatable arm **30** is in the active position, flame is emitted from flame aperture **420** directed at the bowl **60**. When the user inhales, air and smoke are drawn from bowl **60** through smoke tube **300** to draw end **100**. Fuel feed tube **320** connects reservoir **310** to fuel aperture **400** and allows fuel to flow when fuel valve **315** is open. Refill inlet **430** allows fuel to be inserted into reservoir **310**.

FIG. 7 shows a cutaway view depicting a cross-section of smoke tube **300**. Rotatable arm **30** is shown in the inactive position. Cover **70** is shown halfway between open and closed position. Also depicted are user control **20**, stop **250**, and reservoir **310**.

As used herein, "fuel" refers to any combustible material liquid, solid, gel, or gas including butane, alcohol, and naphtha. It may be comprised of a mixture of flammable materials. It may include additives to accelerate, retard, or equalize combustion rate or temperature. It may be selected to provide compact storage, heat output, desired flammability or inflammability, and safety.

As used herein, "tube" refers to any method suitable for transporting the intended material. Tubes may be constructed from any materials that satisfy their design requirements, for example, the tube that connects the fuel source to the bowl may not be degrade when in contact with the fuel. Tubes may be round, square, or any other shape in cross section and may be rigid or flexible. A tube may consist of a void in internal components rather than a discrete component. A tube may also include a screen at one end, the other end, or somewhere in the middle or a screen may be used outside the tube. A screen may be used with a smoke tube to prevent burning smoking material from entering the smoke tube.

As used herein, "igniter" refers to any method of igniting fuel including a spark. The igniter may work through discharge of a electrical impulse generated in piezoelectric, electric, chemical, or mechanical manner, contact of materials such as flint and steel, a pilot light, compression, or thermal heating. The igniter may make use of a battery.

As used herein, "directed at the bowl" refers to any method which positions the flame to ignite the smoking material. This includes positioning the flame near the bowl, directing the flame into the bowl, or creating a flame within the smoking material. This includes positioning the flame near the bowl in such a way that the flame does not contact the smoking material unless air is drawn, deflecting the flame.

As used herein, "user control" refers to any structure or mechanism allowing the user to effect device behavior. It may be a two-position switch with on and off positions, a continuous switch allowing variable positioning continuously anywhere within a range of positions, or some combination of the two. A user control may control one or more functions in a single operation. A user control may activate fuel flow and fuel ignition in a single action. A user control may activate fuel flow, fuel ignition, and movable arm motion in a single action. A user control may activate fuel flow, fuel ignition, and uncovering of the bowl. A user control may activate fuel flow, fuel ignition, movable arm motion, and uncovering the bowl. A user control may be specially adapted for left-handed or right-handed use or for equal ease of use with either hand.

6

As used herein, "gaseous flow" between two points refers to the significant likelihood that gases and floating particles could flow between those two points without dispersing in intervening air. It does not require absolute containment of the gases or floating particles. Mere proximity is often sufficient. Enabling gaseous flow for the smoke tube includes positioning the smoke tube close to smoking material, within the bowl, above the bowl, and any position where significant amounts of smoke may be drawn by the user. Gaseous flow may include a screen to restrict large particles or solids.

The bowl may be formed from a depression in the housing or a separate component attached to the housing. Smoking material may be placed entirely in the bowl or may project above the bowl.

A cover for the bowl may or may not be included. The cover may be attached or detachable, slidable, hinged, or using some other method of operation. The cover may be composed of metal, plastic, rubber, silicone, or some other material or combination of materials that may significantly or totally restrict smoking materials, air, or both through a contact or proximity with the bowl. The cover may be adapted to keep out air, preserving the freshness of the smoking material. The cover may be adapted to retain small particles of smoking material in the bowl. The cover may include a mechanism such a latch to hold the cover in one or more position.

The device may produce sensory input of some kind in addition to normal operation of the device. This sensory input may be visual. The visual stimulus may be either colored or white. The visual stimulus may be illuminate the flame, bowl, or smoking material. The source of the visual stimulus may be incorporated into the bowl, movable arm, user control, or external body of the device if present in the particular embodiment. The source of the visual stimulus may be powered by piezoelectric source or by battery and may operate on ignition or during use.

The sensory input may be auditory. The auditory stimulus may include sounds or music produced by a sound-emitting device. The auditory stimulus may be generated when the user control is initially operated or continuously as long as the user control is depressed. The sound-emitting device may use any known technology for producing sound including but not limited to piezoelectric and magnetic, static and dynamic.

The exterior of the device may be of suitable construction consisting of either metal or plastic such as to satisfy certain durability, cost, and recycling objectives. The exterior of the device may be electro-plated, painted, chemically or laser etched. The exterior of the device may be personalized using a design, artwork, or graphic or the name or initials of the user.

Likewise, internal components may be constructed of various materials to satisfy the requirements of the device. For example, the bowl may be constructed of a ceramic or glass to prevent the imparting of a metallic taste to the smoke upon ignition. The bowl may be centered or positioned off center from the main axis of the device.

The shape of the device may be roughly the shape of a rectangular prism, roughly the shape of a rectangular prism with a short portion of the smoke tube extending, roughly the shape of a rectangular prism with the user device extending, or some other shape.

The device may be designed to make left or right-handed use easier, may be designed to be operated with equal ease by either hand alone or be designed for two-handed use.

A refill mechanism may be included or the device may be disposable. In either case, the lighter may be composed of materials selected for their ability to be recycled.

US 7,905,236 B2

7

The device may include additional reservoirs of the same or different fuel. The device may also include additional reservoirs to hold various smoking materials.

The device may include a flame adjustment to allow user control of the maximum fuel flow when the device is in use.

Persons skilled in the art will recognize that many modifications and variations are possible in the details, materials, and arrangements of the parts and actions which have been described and illustrated in order to explain the nature of this inventive concept and that such modifications and variations do not depart from the spirit and scope of the teachings and claims contained therein.

The invention claimed is:

1. An integrated smoking device comprising:
a housing; a bowl disposed in the housing;
a smoke tube coupled to the bowl at a bowl end allowing gaseous flow from the bowl end to a draw end;
a fuel aperture associated with a flame assembly for directing fuel for a flame near the bowl and approximately parallel to the bowl;
an igniter arranged near the fuel aperture so that when the fuel aperture is directing fuel, the igniter ignites the fuel; and
a rotatable arm, said rotatable arm externally and proximately mounted near the bowl, the rotatable arm further comprising the flame assembly and an air intake aperture;
wherein said rotatable arm has an active position and an inactive position, wherein said rotatable arm is thrust above the housing in the active position and is lowered towards the housing in the inactive position; wherein said flame assembly further comprises said fuel aperture, said igniter and a flame aperture;
a user control arranged such that the user may activate the igniter and cause fuel to flow from the fuel aperture, so as to produce a flame directed at the bowl, in a single operation.

2. The integrated smoking device of claim 1 wherein the igniter is triggered by an electrical impulse from a piezoelectric striker.

3. The integrated smoking device of claim 1 further comprising:
a user control arranged such that the user may activate the igniter and cause fuel to flow from the fuel aperture, so as to produce a flame directed at the bowl, in a single operation.

4. The integrated smoking device of claim 1 wherein at least one of the fuel aperture and the igniter are disposed in the

8

rotatable arm having at least an active position where a flame is directed at the bowl and an inactive position where a flame is not directed at the bowl.

5. The integrated smoking device of claim 4 wherein the rotateable arm moves linearly from the active position to the inactive position.

6. The integrated smoking device of claim 4 wherein the rotateable arm rotates from the active position to the inactive position.

7. The integrated smoking device of claim 4 wherein the bowl is integrated within the housing.

8. The integrated smoking device of claim 7 wherein the bowl is integrated between two generally parallel, planar elongate surface of the housing.

9. The integrated smoking device of claim 4 wherein the bowl is fabricated from glass.

10. The integrated smoking device of claim 4 wherein the bowl is fabricated from ceramic.

11. A method of manufacturing an integrated smoking device comprising:
obtaining a housing;
disposing a bowl in the housing;
coupling a smoke tube to the bowl at a bowl end so as to allow gaseous flow from the bowl end to a draw end
arranging a fuel source comprising at least a fuel aperture associated with the bowl for directing fuel for a flame at the bowl;
arranging the fuel aperture associated with a flame assembly for directing fuel for a flame near the bowl and approximately parallel to the bowl;
arranging an igniter arranged near the fuel aperture so that when the fuel aperture is directing fuel, the igniter ignites the fuel; and
arranging a rotatable arm, said rotatable arm externally and proximately mounted near the bowl, the rotatable arm further comprising the flame assembly and an air intake aperture;
wherein said rotatable arm has an active position and an inactive position, wherein said rotatable arm is thrust above the housing in the active position and is lowered towards the housing in the inactive position; wherein said flame assembly further comprises said fuel aperture, said igniter and a flame aperture;
arranging a user control arranged such that the user may activate the igniter and cause fuel to flow from the fuel aperture, so as to produce a flame directed at the bowl, in a single operation.

* * * * *

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C
# MBYAN WEBSITE

13

COMPLAINT

ABOUT US    VIEW CART    MY ACCOUNT    HELP / FAQ

SEARCH:

GO

**SHOP BY CATEGORY**

All-In-One Pipes
Tube Pipes
Metal Pipes
American Glass Pipes
Water Pipes
Vaporizers
Grinders
Hookah
Accessories

**SHOP BY BRAND**

Wickie Pipe Lighter
7Pipe
Spark 604
Model419
Glass Artists
iPen Pipe Torch
SoloPipe
Snap Shot
Other

You are here:Home > SoloPipe



**Sort By:** Price: Low to High   GO

20 per page   Page 1    of 1



**SoloPipe Silver**
Our Price: $44.99

+ add to cart

SoloPipe is the first pipe lighter combination built in one.



**SoloPipe Gunmetal**
Our Price: $44.99

+ add to cart

SoloPipe is the first pipe lighter combination built in one.



**SoloPipe Candy Copper**
Our Price: $44.99

+ add to cart

SoloPipe is the first pipe lighter combination built in one.

**Join Our Newsletter**

Email Address

Subscribe







ABOUT US    VIEW CART    MY ACCOUNT    HELP - FAQ

SEARCH:
GO

You are here: Home > All-In-One Pipes

Sort By: Most Popular    GO

30 per page    Page 1    of 1

**All-In-One Pipes**
Tube Pipes
Metal Pipes
American Glass Pipes
Water Pipes
Vaporizers
Grinders
Hookah
Accessories



New

Deals

Join our Newsletter

Subscribe


Free
Discreet
WorldWide
Shipping


volusion
SECURE SITE
CLICK TO VERIFY


VISA    Master Card
DISC VER


ACCREDITED
BUSINESS
BBB

Wholesale


Spark 604 Pipe
Our Price: $39.99


SoloPipe Gunmetal
Our Price: $44.99


7Pipe Classic Lime
Our Price: $19.00


iPen Pipe Torch Black
Our Price: $39.99


Snap Shot Pipe Lighter Black
Our Price: $29.99


7Pipe Pro Gray
Our Price: $49.99


7Pipe Classic Red
Our Price: $19.00


Wickie Pipe Lighter Original
Our Price: $39.99


7Pipe Pro Black
Our Price: $49.99


7Pipe Classic Orange
Our Price: $19.00


iPen Pipe Torch Blue
Our Price: $39.99


Snap Shot Pipe Lighter Silver
Our Price: $29.99


SoloPipe Candy Copper
Our Price: $44.99


Vape-or-Smoke Ninja Edition
Our Price: $99.99


SoloPipe Silver
Our Price: $44.99


7Pipe Classic Baby Blue
Our Price: $19.00


7Pipe Classic Pink
Our Price: $19.00


iPen Pipe Torch Brown
Our Price: $39.99


7Pipe Pro Silver
Our Price: $49.99


7Pipe Classic Green
Our Price: $19.00

7Pipe Pro Red
Our Price: $49.99

Company Info | Terms of Use | Become an Affiliate | Product Index | Category Index | Help    Copyright © 2012 WickiePipe. All Rights Reserved. Shopping Cart Powered by Volusion.

# EXHIBIT D
# ARY Website

14

**COMPLAINT**

Welcome to Alibaba.com, Join Free | Sign In    Buy    Sell    Community    **My Alibaba**    My Favorites    Help

Shopping online? Go to AliExpress

| Products | solopipe | | Search | Advanced Search | **Post Buying Request** |

**Category**

Smoking Pipes (2)

Lighters (1)

**Need Help?**    Contact Us

**Search Feedback**

Did you find what you were looking for?

Yes | NO

**Research Panel**

Join the Alibaba.com Research Panel to help us improve our service!

Join in >>

American
Quality is here.

Get top products from the USA

Start Sourcing ›

Quality products from
VIETNAM

Source now ›

Looking for
reliable suppliers?

Click here ›

BargainBuys

Maximieren Sie Ihre
Gewinne
im Einzelhande

View now ›

Products > **"solopipe"** : **3** Products found

Page: 1/1

**Supplier Location**

China (Mainland) (2)          United States (1)

☐  Gold Supplier ☐      Onsite Checked ☐      Assessed Supplier ☐      Online ☐      Safe Transactions

Group Products by Supplier    Min. Order [    ] - [    ]    Business Type

View as:

**Solopipe**

Min. Order: 100 Pieces

FOB Price: US $4-7 / Kilogram

Payment Terms: L/C,T/T,Western Union,MoneyGram

Supply Ability: 1000 Piece/Pieces per Week

Wenzhou Wanu Electronics Co., Ltd    Contact Details

China (Mainland)

Business Type: Manufacturer

No of Employees: 101 - 200 People

Management Certification: ISO 9001:2000;

☐ Compare          **Offline**      **Contact Supplier**

**solopipe**

Min. Order: 150 Pieces

Payment Terms: T/T,Western Union

Supply Ability: 10000 Piece/Pieces per Month

Wenzhou M & C Co., Ltd.    Contact Details

China (Mainland)

Business Type: Manufacturer, Distributor/Wholesaler

No of Employees: Above 1000 People

Management Certification: ISO 9001:2000;

☐ Compare          **Offline**      **Contact Supplier**

**Solopipe**

**Offline**      **Contact Supplier**

ARY Distributor    Contact Details

United States

Business Type: Manufacturer, Distributor/Wholesaler

No of Employees: 5 - 10 People

☐ Compare

1

Show:   20   **38**   50

**Premium Related Products**

gas metal flame high qulity lighter

Gold Supplier

**Offline**

Advertising lighters as a business

Gold Supplier

**Offline**

Fancy Cigarette Lighter

Gold Supplier

**Offline**

Thermal insulation material foam tube

Gold Supplier

**Offline**

Haven't found the right supplier yet ?

**Customized Sourcing**

Tell us what you buy. Alibaba's Industry Sourcing Specialists will help you match the right suppliers.

Post Buying Request Now >>

Want product and industry knowledge for " solopipe " ?

**Trade Alert**

Trade Alerts are FREE updates on topics such as trending hot products, buying requests and supplier information - sent directly to your email inbox!

Subscribe Now >>

You may also be interested in :

smoking a tobacco pipe          custom bongs                    glass on glass bowl

Suggestions

Home / Solopipe - SP05



## Solopipe - SP05

Email to a Friend
Be the first to review this product

Please login to see price

## Quick Overview

Solopipe is a pipe with built in lighter. Adjustable flame. Refillable. Comes in nice box.

### Details

Solopipe is a pipe with built in lighter. Adjustable flame. Refillable. Comes in nice box.

### Additional Information

| | |
|---|---|
| SKU | sp05 |
| Manufacturer's Suggested Retail Price | $65.00 |

My Cart

You have no items in your shopping cart.

Product Categories

Acrylics
Animal Pipes
Ashcatchers
Ashtrays
Baggies
Blunt Wraps
Bubblers
Butane
Carrying Bags
Chillums
Cleaners
Concentrate Pipes
Jars
Detox Drinks
Digital Scales
Glass Parts
Herb Grinders
Glass Pipes
Hookah Accessories
Hookahs
Incense
Lighters
Metal Pipes
Novelty Items
Rolling Papers
Sherlocks
Soft Glass
Herbal Incense
Smoking Accessories
Steamrollers
Vaporizers
Waterpipes
Scientific Glass

Newsletter

Sign Up for Our Newsletter



**6" Color Changing Sherlock - HP70**



**Wickie Pipe - SP02**

**Titanium nail with oil dome - CN14**
Regular Price:
Special Price:
As low as:



**A concentrate pipe with glass rod - CN10**

1

2

# EXHIBIT E

3

# FEDERAL TRADEMARK REGISTRATION

4

5

# STATE TRADEMARK REGISTRATION

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

COMPLAINT

Int. Cl.: 34

Prior U.S. Cls.: 2, 8, 9 and 17

**United States Patent and Trademark Office**

Reg. No. 3,375,493
Registered Jan. 29, 2008

## TRADEMARK
## PRINCIPAL REGISTER

# SOLOPIPE

BRYMAN, GARY (UNITED STATES INDIVI-
DUAL)
16 FLEET ST #2
VENICE, CA 90292

FOR: CIGARETTE LIGHTERS NOT FOR LAND
VEHICLES, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 5-20-2007; IN COMMERCE 5-20-2007.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-189,034, FILED 5-24-2007.

ADA HAN, EXAMINING ATTORNEY

# State of California
## Secretary of State

### Trademark Reg. No. 112969  Class No. Int. 34
### CERTIFICATE OF REGISTRATION OF TRADEMARK

*I, DEBRA BOWEN,* Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the TRADEMARK described below has been duly registered in this office on behalf of:

**Name of Applicant:**   Rocket Entertainment, LLC
**Business Address:**   16 fleet Street, Suite 2, Venice, Ca 90292
**Date first used in California:**   May 20, 2007
**Date first used anywhere:**   May 20, 2007
**Description of Trademark:**   SOLOPIPE
**Description of Goods on which the Trademark is used:**   Cigarette lighters not for land vehicles
A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached
**Date of Registration:**   September 24, 2007
**Term of Registration Extends to and Includes:**   September 24, 2017

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 24th **day of** September 2007



*Debra Bowen*

**DEBRA BOWEN**
**Secretary of State**

*NP-25 (REV 01/2007)*

# EXHIBIT F

## SOLOPIPE LOGO

16

COMPLAINT



# EXHIBIT B-3

JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC., ) | Case No.: CV 12-6516-GW(PJWx) |
| ) | |
| Plaintiff, ) | **FINAL JUDGMENT OF DAMAGES** |
| ) | **AND PERMANENT INJUNCTION** |
| v. ) | |
| ) | **AS AGAINST DEFENDANT** |
| MBYAN, INC., ARY ) | **MBYAN, INC.** |
| DISTRIBUTION, INC. ) | |
| ) | **F.R.C.P. 54** |
| Defendants. ) | |
| ) | |
| ) | |

Whereas on June 17, June 24, July 8, July 11, and July 22, 2013, at 8:30 a.m. hearings were held before this Court regarding this dispute. Attending those hearings were J. Curtis Edmondson, counsel for the Plaintiff Solo Industries, Inc. and Misak Mkhdesyan, a corporate representative for Defendant MBYAN, Inc.

At those hearings Solo Industries, Inc. (SOLO) presented competent evidence to support claims for injunctive relief and damages.

For good cause having been shown, the Court hereby GRANTS SOLO's

Application for Entry of a Default Judgment as against defendant MBYAN, INC.
and ORDERS the following:

1.     SOLO owns the federal trademark registrations for its SOLOPIPE®
trademark, U.S. Trademark Registration Nos 3,375,493 ("SolopipeTrademark");

2.     SOLO owns United States Design Patent No. D577,150 ("Solo
Design Patent");

3.     SOLO owns United States Copyright Registration TX 7688283 ("Solo
Copyright") with an effective registration date of June 19, 2012;

4.     MBYAN's counterfeit version of the SOLO ("Counterfeit Pipe")
infringes the Solo Trademark, Solo Copyrights, and Solo Design Patent;

5.     MBYAN, and its officers, directors, principals, agents, servants,
employees, successors and assigns, and all other persons in active concert or
privity or in participation with MBYAN, jointly and severally, shall be
permanently restrained and enjoined from:

     a.     Manufacturing, producing, distributing, importing, marketing,
     selling, offering for sale, or displaying any products or other items
     bearing any copy or colorable imitation of any of Solo's trademarks;

     b.     Engaging in any other activity constituting unfair competition
     with Solo, or constituting an infringement of the Solo Trademarks,

Copyrights or Design Patents, or constituting any damage to Solo's name, trademarks, reputation, or goodwill;

c.      Making, using, offering for sale, selling and/or importing infringing Counterfeit Pipes, and from otherwise infringing, contributing to the infringement of, or actively inducing infringement of, the '150 Patent;

d.      Continuing to market, offer, sell, transfer, advertise, promote, develop or manufacture any SOLO's, including the Counterfeit Pipe, that infringe Solo's intellectual property rights, or to participate or assist in any such activity;

e.      Moving, discarding, destroying, selling, transferring, or otherwise disposing of any Counterfeit Pipes or any other products or materials bearing the Solo Trademarks, or any other products or materials that infringe or contribute to the infringement of Solo's intellectual property rights, including its design patent, copyright, and trademark; and

f.      moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to the counterfeit pipes or any other products or

materials bearing the Solo Trademarks, or any other products that infringe or contribute to the infringement of Solo's intellectual property rights, including its design patent, copyrights, and trademark rights;

6. MBYAN shall be liable to for damages in the amount of: $100,000 for counterfeiting.

7. MBYAN and/or its domain registrar shall transfer the domain name www. wickiepipe .com to SOLO.

8. Violation of this permanent injunction shall subject MBYAN to officers, directors, principals, agents, servants, employees, successors and assigns, to contempt and any remedy available at law or equity, including, but not limited to, injunctive relief, monetary damages and the award of reasonable attorneys' fees and costs in enforcing this injunction.

9. Plaintiff shall be the prevailing party.

10. MBYAN, INC. shall be liable for Plaintiff's statutory attorney's fees in the amount of $5,600.

11. MBYAN, INC. shall be liable for Plaintiff's statutory costs in the amount of $526.50.

12. This Court shall retain jurisdiction of this matter in connection with any possible violations of this Permanent Injunction and Final Judgment.

IT IS SO ORDERED:

DATED:  July 29, 2013

_George H. Wu_
_____
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

# EXHIBIT B-4

B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**MByan Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**26-1905549** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**9970 Glenoaks Blvd, Suite B**<br>**Sun Valley, CA**<br>ZIP Code **91352** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization) (Check one box)<br>☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | **Nature of Business**<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)<br>■ Chapter 7<br>☐ Chapter 9    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
|---|---|---|
| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ■ Debts are primarily business debts. |

| **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **MByan Inc.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)              (Date) |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
|         _____<br>        (Name of landlord that obtained judgment) |
|         _____<br>        (Address of landlord) |
| ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13)

Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):

**MByan Inc.**

### Signatures

| | |
|---|---|
| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Attorney*

X **/s/ LEON NAZARETIAN**
_____
Signature of Attorney for Debtor(s)

**LEON NAZARETIAN 181849**
_____
Printed Name of Attorney for Debtor(s)

**NAZARETIAN & BESNILIAN**
_____
Firm Name
**1010 NORTH CENTRAL AVENUE**
**SUITE 440**
**Glendale, CA 91202**

_____
Address

**Email: NAZBESLAW@SBCGLOBAL.NET**
**8185522332  Fax: 8182451152**
_____
Telephone Number

**August 26, 2013**　　　　　**181849**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Misak Mkhdesyan**
_____
Signature of Authorized Individual

**Misak Mkhdesyan**
_____
Printed Name of Authorized Individual

**CEO**
_____
Title of Authorized Individual

**August 26, 2013**
_____
Date

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _____ , California.

Date:    **August 26, 2013** _____

**/s/ Misak Mkhdesyan** _____

**Misak Mkhdesyan**
Signature of Debtor

_____

Signature of Joint Debtor

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                          *Page 1*            **F 1015-2.1.STMT.RELATED.CASES**

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Central District of California

In re **MByan Inc.** ,
                                          Debtor

Case No. _____

Chapter **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 5,500.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 125,479.73 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 10 | | | |
| Total Assets | | | 5,500.00 | | |
| Total Liabilities | | | | 125,479.73 | |

.

# United States Bankruptcy Court
## Central District of California

In re   **MByan Inc.**                                      ,     Case No. _____

Debtor

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re  **MByan Inc.**                                                                      ,        Case No. _____
                                                              Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |  |
|---|---|---|---|
| | Sub-Total > | **0.00** | (Total of this page) |
| | Total > | **0.00** | |
| **0**  continuation sheets attached to the Schedule of Real Property | | (Report also on Summary of Schedules) | |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                                                  Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    **MByan Inc.**                                          ,     Case No. _____

                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account** | - | **1,000.00** |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

                                                                Sub-Total >     **1,000.00**
                                                   (Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **MByan Inc.**                                                  ,     Case No. _____
                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

<div align="right">

Sub-Total >            **0.00**
(Total of this page)

</div>

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **MByan Inc.**                                                      ,  Case No. _____
                                      Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Used Computer, office equipments.** | - | 2,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Misc office equipments** | - | 500.00 |
| 30. Inventory. | | **Misc Inventory** | - | 2,000.00 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---:|
| Sub-Total > (Total of this page) | 4,500.00 |
| Total > | 5,500.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re **MByan Inc.** , Case No. _____
_____
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

**0** continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | | |
| Total (Report on Summary of Schedules) | 0.00 | 0.00 |

B6E (Official Form 6E) (4/13)

.

In re   **MByan Inc.**                                                                  ,   Case No. _____
                                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_____

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                     **0**      continuation sheets attached

B6F (Official Form 6F) (12/07)

In re **MByan Inc.** ,     Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxx8556 <br><br> **Alliance One** <br> **3000 Ames Crossing Road Ste 750** <br> **Saint Paul, MN 55121** | - | | 2009, 2010, 2011, 2012 <br> Back Taxes | | X | X | 11,940.85 |
| Account No. xxxxxx0000 <br><br> **Franchise Tax Board** <br> **Business Entity Bankruptcy MS A 345** <br> **P.O.box 2952** <br> **Sacramento, CA 95812** | - | | Taxes | | X | X | 1,703.09 |
| Account No. xx xx - xxxxx xx (PJWX) <br><br> **Solo Industries Inc** <br> **c/o Law Offices Curtis Edmondson** <br> **3699 NW John Olsen Place** <br> **Hillsboro, OR 97124** | - | | 07/30/2012 <br> Patent Infringment et al. | | X | X | 110,000.00 |
| Account No. xxxxxx-xxxx0400 <br><br> **Stamps.com** <br> **1990 E. Grand Ave** <br> **El Segundo, CA 90245** | - | | 2013 <br> Stamps | | X | X | 335.79 |

   __1__  continuation sheets attached

| | Subtotal <br> (Total of this page) | 123,979.73 |
|---|---|---|

B6F (Official Form 6F) (12/07) - Cont.

In re   **MByan Inc.** _____,   Case No. _____
                                                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxx0790**<br><br>**Uline**<br>**12575 Uline Drive**<br>**Pleasant Prairie, WI 53158** | - | | | **2013**<br>**Shipping Supplies** | | X | X | **1,500.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal<br>(Total of this page) | **1,500.00** |
|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **125,479.73** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6G (Official Form 6G) (12/07)

.

In re    **MByan Inc.**               ,    Case No. _____

<div align="center">Debtor</div>

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6H (Official Form 6H) (12/07)

.

In re  **MByan Inc.**                                                                 ,     Case No. _____
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re  **MByan Inc.**                                                                  Case No. _____

                                                    Debtor(s)                    Chapter        **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

        I, the CEO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ **12** ___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **August 26, 2013** _____        Signature        **/s/ Misak Mkhdesyan** _____

                                                                                **Misak Mkhdesyan**
                                                                                **CEO**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Central District of California

In re   **MByan Inc.**                      Case No.

                                        Debtor(s)           Chapter      **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None   ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       **AMOUNT**                 **SOURCE**
       **$80,000.00**             **2013 Gross Income**

---

### 2. Income other than from employment or operation of business

None   ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       **AMOUNT**                 **SOURCE**

---

B7 (Official Form 7) (04/13)
2

---

### 3. Payments to creditors

**None** ■     **Complete a. or b., as appropriate, and c.**

      a.    *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**None** ☐     b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Wells Fargo**<br>**P.O.Box 29779**<br>**Phoenix, AZ 85038** | **08/08/2013** | **$1,726.64** | **$0.00** |

**None** ■     c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None** ☐     a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Solo Industries, Inc. vs Mbyan, Inc.; CV12-06516 GWC (PJWX)** | **Complaint For Damages for Alledged Patent Infringment** | **US District Court; Cntral District of California** | **Judgement** |

**None** ■     b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

**5. Repossessions, foreclosures and returns**

None  ■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None  ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None  ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None  ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None  ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None  ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **NAZARETIAN & BESNILIAN 1010 NORTH CENTRAL AVENUE SUITE 440 Glendale, CA 91202** | **08/09/2013** | **$600.00** |

B7 (Official Form 7) (04/13)
4

**10. Other transfers**

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
5

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)

6

### 18 . Nature, location and name of business

None ☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **MByan, Inc.** | 26-1905549 | **9970 Glenoaks Blvd #B Sun Valley, CA 91352** | **Distribution of modern day products** | **02/2008** |

None ■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None ☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Akop Yementyan, CPA 19926 Cantara Street Winnetka, CA 91306** | **2008** |

None ■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None ■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                        ADDRESS

None ■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

B7 (Official Form 7) (04/13)
7

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

**20. Inventories**

None ☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| **08/22/2013** | **CEO** | **$2000.00** |

None ☐    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **08/22/2013** | **Misal Mkhdesyan** <br> **9970 Glenoaks Blvd # B** <br> **Sun Valley, CA 91352** |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Misak Mkhdesyan** <br> **722 North Van Ness Avenue Apt 2** <br> **Los Angeles, CA 90038** | **CEO** | **50% Shareholder** |
| **Babken Sisakyan** <br> **14239 Sherman Way Unit 8** <br> **Van Nuys, CA 91405** | **CFO, Secretary** | **50% Shareholder** |

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                         TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __August 26, 2013_____          Signature    __/s/ Misak Mkhdesyan_____
                                                       __Misak Mkhdesyan__
                                                       **CEO**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)        1998 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re<br><br>**MByan Inc.**<br><br>                Debtor. | Case No.:<br><br>**DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ 1,500.00 |
| Prior to the filing of this statement I have received | $ 600.00 |
| Balance Due | $ 900.00 |

2. The source of the compensation paid to me was:

☑ Debtor      ☐ Other (specify):

3. The source of compensation to be paid to me is:

☑ Debtor      ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

**Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor - (1/88)**     **1998 USBC, Central District of California**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services

   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **August 26, 2013** | **/s/ LEON NAZARETIAN** |
| *Date* | **LEON NAZARETIAN** |
| | *Signature of Attorney* |
| | **NAZARETIAN & BESNILIAN** |
| | *Name of Law Firm* |
| | **1010 NORTH CENTRAL AVENUE** |
| | **SUITE 440** |
| | **Glendale, CA 91202** |
| | **8185522332  Fax: 8182451152** |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **LEON NAZARETIAN**<br>**1010 NORTH CENTRAL AVENUE**<br>**SUITE 440**<br>**Glendale, CA 91202**<br>**8185522332 Fax: 8182451152**<br>**181849**<br>**NAZBESLAW@SBCGLOBAL.NET**<br><br><br>*Attorney for:* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| In re:<br><br>**MByan Inc.**<br><br><br><br>Debtor(s). | CASE NO:<br><br>CHAPTER: __7__<br><br>**DECLARATION RE: LIMITED SCOPE OF APPEARANCE PURSUANT TO LBR 2090-1**<br><br>[No Hearing Required] |
|---|---|

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.     I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.     On *(specify date)* __08/09/2013__, I agreed with the Debtor that for a fee of $ __1,500.00__, I would provide the following services only:

    a. ■   Prepare and file the Petition and Schedules

    b. ■   Represent the Debtor at the 341(a) Meeting

    c. ☐   Represent the Debtor in any relief from stay motions

    d. ☐   Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

    e. ☐   Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

    f. ☐   Other *(specify)*:

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

3.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth in the upper left-hand corner of the prior page.

Date:   **August 26, 2013**

I HEREBY APPROVE THE ABOVE:

**/s/ Misak Mkhdesyan**

Signature of Debtor

**NAZARETIAN & BESNILIAN**

Printed name of law firm

**/s/ LEON NAZARETIAN**

Signature of attorney

**LEON NAZARETIAN**

Printed name of attorney

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1010 NORTH CENTRAL AVENUE**
**SUITE 440**
**Glendale, CA 91202**

A true and correct copy of the foregoing document entitled (*specify*):___**DECLARATION RE: LIMITED SCOPE OF APPEARANCE PURSUANT TO LBR 2090-1**___ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 26, 2013 | LEON NAZARETIAN | /s/ LEON NAZARETIAN |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2012                                     Page 3                                     **F 2090-1.1.DEC.LTD.SCOPE**

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name        **LEON NAZARETIAN**

Address     **1010 NORTH CENTRAL AVENUE SUITE 440 Glendale, CA 91202**

Telephone   **8185522332 Fax: 8182451152**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br>**MByan Inc.** | Case No.: |
| | Chapter:        **7** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __1__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:   **August 26, 2013**              **/s/ Misak Mkhdesyan**

                                          **Misak Mkhdesyan**/CEO
                                          Signer/Title

Date:   **August 26, 2013**              **/s/ LEON NAZARETIAN**

                                          Signature of Attorney
                                          **LEON NAZARETIAN**
                                          **NAZARETIAN & BESNILIAN**
                                          **1010 NORTH CENTRAL AVENUE**
                                          **SUITE 440**
                                          **Glendale, CA 91202**
                                          **8185522332   Fax: 8182451152**

MByan Inc.
9970 Glenoaks Blvd, Suite B
Sun Valley, CA 91352


LEON NAZARETIAN
NAZARETIAN & BESNILIAN
1010 NORTH CENTRAL AVENUE
SUITE 440
Glendale, CA 91202


Alliance One
3000 Ames Crossing Road Ste 750
Saint Paul, MN 55121


Franchise Tax Board
Business Entity Bankruptcy MS A 345
P.O.box 2952
Sacramento, CA 95812


Solo Industries Inc
c/o Law Offices Curtis Edmondson
3699 NW John Olsen Place
Hillsboro, OR 97124


Stamps.com
1990 E. Grand Ave
El Segundo, CA 90245


Uline
12575 Uline Drive
Pleasant Prairie, WI 53158

<table>
<tr><td>
Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address<br>
**LEON NAZARETIAN**<br>
**1010 NORTH CENTRAL AVENUE**<br>
**SUITE 440**<br>
**Glendale, CA 91202**<br>
**8185522332 Fax: 8182451152**<br>
California State Bar Number: **181849**<br>
NAZBESLAW@SBCGLOBAL.NET
</td><td>FOR COURT USE ONLY</td></tr>
</table>

■ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

    **MByan Inc.**

Debtor(s),

Plaintiff(s),

Defendant(s).

CASE NO.:
ADVERSARY NO.:
CHAPTER: **7**

### CORPORATE OWNERSHIP STATMENT PURSUANT TO FRBP 1007(a)(1) and 7007.1, and LBR 1007-4

[No hearing]

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,   **LEON NAZARETIAN**  , the undersigned in the above-captioned case, hereby declare
         *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                     **F 1007-4.CORP.OWNERSHIP.STMT**

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.       I have personal knowledge of the matters set forth in this Statement because:
          ☐ I am the president or other officer or an authorized agent of the Debtor corporation
          ☐ I am a party to an adversary proceeding
          ☐ I am a party to a contested matter
          ■ I am the attorney for the Debtor corporation

2.a.   ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:
          *[For additional names, attach an addendum to this form.]*

  b.   ■ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

| | |
|---|---|
| **August 26, 2013** | By:   **/s/ LEON NAZARETIAN** |
| Date | Signature of Debtor, or attorney for Debtor |
| | Name:   **LEON NAZARETIAN** |
| | Printed name of Debtor, or attorney for Debtor |

_____
This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                                  **F 1007-4.CORP.OWNERSHIP.STMT**

# EXHIBIT B-5



# EXHIBIT B-6

[redacted]