UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 24-06595-MWF (MARx) | **Date:** | January 27, 2025 |
| **Title:** | Solo Industries, Inc. v. Herbonite, Inc. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendants:
None Present

**Proceedings (In Chambers):** ORDER GRANTING APPLICATION TO FILE UNDER SEAL [23]

Before the Court is an Application to File Document Under Seal (the "Application") (Docket No. 23), filed by Plaintiff Solo Industries, Inc. on January 26, 2025, which seeks to seal a stricken Motion for Default Judgment and redact disclosures of Plaintiff's costs, retail price, and profit margins. (Application at 1). Plaintiff also seeks to seal references to that information in the Declaration of Gary Bryman (Docket No. 19) and its attached Exhibit B-6 (Docket No. 19-1), which accompanied the Motion for Default Judgment.

"In this circuit, we start with a strong presumption in favor of access to court records. The common law right of access, however, is not absolute and can be overridden[.]" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). Generally, a party seeking to seal documents attached to dispositive motions must show "compelling reasons" for doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (instructing that the compelling reasons standard applies where "the motion at issue is more than tangentially related to the underlying cause of action"). A motion for default judgment is dispositive and therefore the "compelling reasons" standard applies to sealing applications associated with motions for default judgment. *Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2021 WL 2093062 (N.D. Cal. Feb. 12, 2021).

Under the compelling reason standard, the party requesting a seal must show "compelling reasons supported by specific factual findings . . . [which] outweigh the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-06595-MWF (MARx) | **Date:** January 27, 2025 |
| **Title:** Solo Industries, Inc. v. Herbonite, Inc. | |

general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). It is not enough to assert that documents are highly confidential; this standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court appropriately seals records when they "might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

The Court concludes that the compelling reason standard is met, because requests to seal cost, price, and profit margin information are commonly granted because of the potential of competitive harm due to disclosure. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (reversing district court's denial of sealing application and finding that "it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components"); *NJOY, LLC v. Imiracle (HK) Ltd.*, No. 24-cv-00397-BAS-JLB, 2024 WL 4774890, at *2 (S.D. Cal. Nov. 13, 2024) ("[C]ourts have been willing to seal court filings containing confidential business information, 'such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data.'") (quoting *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016)).

Accordingly, the Application is **GRANTED**. Additionally, the Court finds it appropriate to note again that the Motion for Default Judgment was stricken from the Court's docket, and that Plaintiff must refile and set an appropriate hearing date in accordance with the Local Rules for the matter to be heard.

IT IS SO ORDERED.