Kevin Ryan Behrendt CASBN#211879
Dermer Behrendt
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone:        (310) 614-2492
Facsimile:    (310) 954-9206
E-mail:        kevin@dermerbehrendt.com

Attorney for Plaintiff
SOLO INDUSTRIES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC., <br><br>     Plaintiff, <br><br>   v. <br><br> HERBONITE, INC., <br><br>     Defendant, | Case No. 2:24-cv-06595-MWF-MAR <br><br> **DECLARATION OF JARED ROVIRA IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST HERBONITE, INC.** <br><br><br> **Hon. Michael W. Fitzgerald** <br> **United States District Judge** |

I, Jared K. Rovira, declare:

1.        I am counsel for Plaintiff, Solo Industries, Inc and make this declaration in support of Plaintiff Solo Industries, Inc.'s Motion For Default Judgment Against Herbonite, Inc., doing business as WickiePipes, (hereafter, "WickiePipes" or "Defendant"). Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.      The "Wikilite" product sold by WickiePipes as an all-in-one smoking device (the "Accused Product) infringes at least claim 1 the Solo Industries' 8,881,738 patent (the "Asserted Patent"). An image of the Accused Product is attached as **Exhibit R-1**. A claim chart illustrating the infringement of at least claim 1 of the Asserted Patent by the Accused Product is attached as **Exhibit R-2**.

3.      After service of summons was made on Misak Mkhdesyan, on August 20, 2024, Solo Industries has proffered several good faith settlement offers that have included progressively more favorable terms for WickiePipes.

4.      WickiePipes has rejected every reasonable offer proposed by Solo Industries and has threatened to file for bankruptcy if Solo Industries obtains a judgement for monetary damages.

5.      No settlement agreement has been reached.

6.      Throughout settlement discussions and during the pendency of this suit, Solo Industries, through counsel, has made WickiePipes aware of the progression of this litigation.

7.      Solo Industries, through its counsel, has provided Defendant a copy of the Order to Show Cause, has notified Defendant of its intention to request Entry of Default and provided a copy the Request for Entry of Default and has provided a copy of the Default entered by this Court.

DECLARATION OF JARED ROVIRA IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST HERBONITE, INC.

8.     Solo Industries undertook the expense to draft and file the stipulation to an extension of time for WickiePipes to Answer the Complaint reflected in Docket Record No. 11.

9.     On December 2nd, 2024, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendant Herbonite, Inc. See Docket No. 15.

10.     Default was entered by the Clerk based on Solo Industries' Complaint filed August 5th, 2024. [Doc. 1].

11.     Defendant Herbonite, Inc. is a business entity and is therefore not a minor or an incompetent person.

12.     Defendant Herbonite, Inc. is a business entity and is not currently in the military service, and therefore the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply.

13.      As set forth on the Proof of Service appended to the Motion, Plaintiff served the Motion for Default Judgement, together with the papers filed in support thereof, on Defendant Herbonite, by providing the moving papers to its registered agent, Mr. Misak Mkhdesyan, via email.

14.     A screenshot of the Accused Product for sale on WickiePipes' website <wickiepipes.com> is attached as **Exhibit R-3**.

15.     The amount of prejudgment interest is calculated using the following maounts: the principal amount is $90,420.00, the interest rate is 7.0% per annum and

DECLARATION OF JARED ROVIRA IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST HERBONITE, INC.

the time is 6 years and 5 months from the August 1st, 2018 initial date of infringement. The formula for interest, compounding quarterly is $A = P(1 + r/n)nt$, wherein "A" is the total amount of principal plus interest, "P" is the principal amount, "r" is the annual rate of interest, "n" is the number of times the interest compounds per year, and "t" is the time in years. Therefore, $A = \$90420(1+0.07/4)^{(4)(6.41)} = \$141,074.00$. Further, $A = P + I$, therefore $\$141,074.00 = \$90,420.00$, such that $I = \$50,654.00$. The total amount of prejudgment interest owed is $50,654.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of January, 2025.

/s/ Jared K. Rovira
Jared K. Rovira
*Pro Hac Vice Application*
*Forthcoming*
Intellectual Property Consulting
400 Poydras Street, Suite 1400
New Orleans, LA 70130
T:(504) 322-7166/F:(504) 322-7184
E-mail: jrovira@iplawconsulting.com

*ATTORNEY FOR SOLO INDUSTRIES, INC.*

DECLARATION OF JARED ROVIRA IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST HERBONITE, INC.