Kevin Ryan Behrendt CASBN#211879
Dermer Behrendt
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone:        (310) 614-2492
Facsimile:    (310) 954-9206
E-mail:       kevin@dermerbehrendt.com

Attorney for Plaintiff
SOLO INDUSTRIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC., | Case No. 2:24-cv-06595-MWF-MAR |
| Plaintiff, | **REDACTED NOTICE OF MOTION AND MOTION OF PLAINTIFF SOLO INDUSTRIES, INC. FOR DEFAULT JUDGMENT AGAINST DEFENDANT HERBONITE, INC; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| HERBONITE, INC., | |
| Defendant, | |
| | **Hon. Michael W. Fitzgerald** **United States District Judge** |

TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 31st, 2025, at 10:00am in Courtroom

5A of the above-entitled court, pursuant to Rules 54 and 55(b) of the Federal Rules

of Civil Procedure and Local Rule 55, Plaintiff Solo Industries, Inc. ("Solo

Industries" or "Plaintiff") through counsel respectfully moves this Court for Default

Judgment against Defendant Herbonite, Inc., doing business as WickiePipes, (hereafter, "WickiePipes" or "Defendant") and grant the relief requested. In support of its Motion, Solo Industries states as follows:

1.      On August 5, 2024, Plaintiff Solo Industries filed its original complaint against Defendant WickiePipes. [Doc. 1].

2.      On September 9, 2024, Solo Industries filed Proof of Service of Summons providing that WickiePipes, had been served through its registered agent, Misak Mkhdesyan, on August 20, 2024. [Doc. 10].

3.      Solo Industries stipulated to, and this Court granted, an extension of time for WickiePipes to respond to the Complaint until October 11, 2024. [Doc. 11-12]

4.      WickiePipes failed to answer or otherwise respond to the Complaint or serve a copy of any answer or other responsive pleading upon Plaintiff's counsel. The applicable time limit for responding to the complaint expired.

5.      On November 25th, 2024 Solo Industries moved for Entry of Default against WickiePipes for failure to answer or otherwise plead in response to Solo's Complaint. [Doc. 14]. On December 2nd, 2024, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against WickiePipes. [Doc. 15]. Accordingly, WickiePipes is in default, and the prerequisites for a default judgment have been met.

6.    In further support of this Motion, Solo Industries submits contemporaneously herewith its Memorandum of Law in Support of Plaintiff's Motion for Default Judgment; the Declaration of Gary Bryman, the CEO of Solo Industries; and the Declaration of Jared Rovira, counsel for Solo Industries.

WHEREFORE, Solo Industries respectfully requests that the Court grant its Motion and grant the relief sought including the following:

(A) Finding WickiePipes liable for infringement of United States Patent No. 8,881,738.

(B)  Granting a permanent injunction prohibiting WickiePipes and its officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity or in participation with WickiePipes, jointly and severally, from making, using, offering for sale, selling or importing any infringing products and from infringing, contributing to the infringement of, or actively inducing infringement of Solo Industries' intellectual property rights including United States Patent No. 8,881,738.

(C)  Awarding Solo Industries compensatory damages in the amount of $90,420.00.

(D) Awarding Solo Industries treble damages, for a total of $271,260.00.

(E) Awarding Solo Industries attorney's fees, in an amount to be determined.

(F) Awarding Solo Industries costs, in an amount to be determined.

(G) Awarding Solo Industries prejudgment interest in the amount of $50,654.00.

(H) Awarding Solo Industries post-judgment interest.

DATED this 24th day of February, 2025            Respectfully submitted,

_/s/ Kevin Ryan Behrendt_

Kevin Ryan Behrendt
CASBN#211879
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone: (310) 614-2492
Facsimile: (310) 954-9206
E-mail: kevin@dermerbehrendt.com

REDACTED PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ......................................... 2

        A.      FACTUAL BACKGROUND................................................................ 2

                1.      SOLO INDUSTRIES' BUSINESS AND INTELLECTUAL PROPERTY...... 2

                2.      PAST INFRINGEMENT OF SOLO INDUSTRIES ' INTELLECTUAL PROPERTY BY WICKIEPIPE...................................................... 4

                3.      WICKIEPIPES' RENEWED INFRINGEMENT OF SOLO INDUSTRIES' INTELLECTUAL PROPERTY ................................................... 6

        B.      PROCEDURAL BACKGROUND ......................................................... 9

III.    THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DEFENDANT................................................................................ 9

        A.      THE PREREQUISITES TO GRANTING DEFAULT JUDGEMENT HAVE BEEN MET ............................................................................ 10

        B.      THE EITEL FACTORS STRONGLY FAVOR ENTRY OF DEFAULT JUDGEMENT ................................................................ 11

                1.      PLAINTIFF WOULD BE PREJUDICED WITHOUT A DEFAULT ............. 11

                2.      PLAINTIFF'S PATENT INFRINGEMENT CLAIM IS MERITORIOUS ...... 12

                3.      THE SUM OF MONEY AT STAKE IS NOT UNREASONABLE ................ 17

                4.      THE POSSIBILITY OF DISPUTED MATERIAL FACTS IS VERY UNLIKELY ........................................................................ 18

                5.      THE DEFAULT WAS NOT DUE TO EXCUSABLE NEGLECT ................ 18

6.    DEFENDANT'S OWN CONDUCT FRUSTRATES THE POLICY FAVORING DECISIONS ON THE MERITS ................................................ 19

IV.    THE REMEDIES PLAINTIFF SEEKS ARE APPROPRIATE ...................... 19

A.    PLAINTIFF IS ENTITLED TO A PERMANENT INJUNCTION ............................ 20

1.    PLAINTIFF HAS SUFFERED IRREPARABLE INJURY AND MONETARY DAMAGES ARE INADEQUATE ................................ 21

2.    BALANCE OF HARDSHIP FAVORS PLAINTIFF .................................. 22

3.    A PERMANENT INJUNCTION SERVES THE PUBLIC INTEREST ........ 22

B.    PLAINTIFF IS ENTITLED TO CONTEMPORARY DAMAGES BASED ON LOST PROFITS ............................................................................ 23

C.    PLAINTIFF IS ENTITLED TO TREBLE DAMAGES FOR WICKIEPIPES' WILLFUL INFRINGEMENT ...................................................... 26

D.    PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES ............................................ 27

E.    PLAINTIFF IS ENTITLED TO COSTS ............................................................ 28

F.    PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST ............................... 28

G.    PLAINTIFF IS ENTITLED TO POST-JUDGEMENT INTEREST .......................... 29

V.    CONCLUSION ........................................................................................ 30

REDACTED PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

## **Cases**

*3M Co. v. Phoenix Auto. Refinishing Co.*,
  C.D.Cal. Apr. 25, 2018, No. CV 17-00649-RSWL-DTB, 2018 U.S. Dist. LEXIS 70589 ...... 35

*Acumed LLC v. Stryker Corp.*,
  551 F.3d 1323 (Fed. Cir. 2008) ................................................................ 29

*BASF Corp. v. Alpha Car Ctr., Inc.*
  (C.D.Cal. Jan. 20, 2021, No. CV 20-0246 FMO (MAAx)) 2021 U.S.Dist.LEXIS 10449 ....... 21

*BASF Corp. v. Alpha Car Ctr., Inc.*
  U.S.Dist.LEXIS 10449 ........................................................................ 26

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*,
  267 F.3d 1370 (Fed. Cir. 2001) ............................................................... 36

*Broadcom Corp. v. Qualcomm* Inc.,
  543 F.3d 683(Fed. Cir. 2008) ................................................................ 31

*Deckers Outdoor Corp. v. Ozwear Connection Pty, Ltd.*
  (C.D.Cal. Sep. 18, 2014, No. CV 14-2307 RSWL (FFMx))
  2014 U.S.Dist.LEXIS 132169) ................................................................ 31

*Deckers Outdoor Corp. v. Ozwear Connection Pty, Ltd.*,
  2014 U.S. Dist. LEXIS 132169, 2014 WL 4679001 (C.D. Cal. Sept. 18, 2014) .................... 31

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
  840 F.2d 685 (9th Cir. 1988) ................................................................. 18

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ............................................................... 21

*EBay Inc. v. Mercexchange, L.L.C.*,
  547 U.S. 388, 391-92 (2006) ................................................................. 29

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) ............................................................... 20

*Erickson v. Pardus*,
  551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ................................. 21

*Fleet Connect Sols. LLC v. Scosche Indus.*
  (C.D.Cal. May 20, 2024, No. 2:23-cv-09324 HDV AJRx) 2024 U.S.Dist.LEXIS 90477 ....... 23

REDACTED PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

*Forever Founds. & Frame, LLC v. Optional Prod. LLC*,
    No. SA CV 13-1779-DOC, 2014 WL 12585800 (C.D. Cal. Dec. 19, 2014) .......................... 35

*Global-Tech Appliances, Inc.* v. SEB S.A.,
    563 U.S. 754, 769, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011) ................................................ 23

*GoTV Streaming, LLC v. Netflix, Inc.*
    (C.D.Cal. Jan. 16, 2024, No. 2:22-cv-07556-RGK-SHK) 2024 U.S.Dist.LEXIS 8659 .......... 37

*Grain Processing Corp. v. American Maize-Products Co.*,
    185 F.3d 1341 (Fed. Cir. 1999) .................................................................................................... 33

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
    136 S. Ct. 1923 (2016) .................................................................................................................. 35

*Koninklijke Philips N.V. v. TTE Tech., Inc.*,
    No. 20-cv-01406-CJC-MRWx, 2020 U.S. Dist. LEXIS 263404, 2020 WL 13302815
    (C.D. Cal. Sept. 3, 2020) .............................................................................................................. 23

*Laltitude LLC v. Shenzhen Jinnuo Precision Prods. Co.*,
    2023 U.S. Dist. LEXIS 35381 (C.D. Cal. Mar. 1, 2023) .............................................................. 21

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988) ...................................................................................................... 38

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    134 S. Ct. 1749 (2014) .................................................................................................................. 35

*PepsiCo v. Triunfo-Mex, Inc.*,
    189 F.R.D. 43 (C.D. Cal. 1999) ................................................................................................... 20

*PepsiCo, Inc. v. California* Sec. Cans,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) ....................................................................................... 20

*Philip Morris USA Inc. v. Castworld Prods., Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) ................................................................................................. 20

*Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*,
    203 F.3d 790 (Fed. Cir. 2000) ...................................................................................................... 22

*Polymer Techs., Inc. v. Bridwell*,
    103 F.3d 970 (Fed. Cir. 1996) ...................................................................................................... 29

*Rite-Hite Corp. v. Kelley Co.*,
    56 F.3d 1538 (Fed. Cir. 1995) ...................................................................................................... 32

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    959 F.3d 1065 (Fed. Cir. 2020) .................................................................................................... 37

REDACTED PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

See *Shanghai Automation Instrument Co. v. Kue*i,
    194 F. Supp. 2d 995 (N.D. Cal. 2001) ................................................................. 27

*Sensonics, Inc. v. Aerosonic Corp.*,
    81 F.3d 1566 (Fed. Cir. 1996) ............................................................................. 37

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
    862 F.2d 1564 (Fed. Cir. 1988) ........................................................................... 37

*Trs. of the Operating Eng'rs Pension Trust v. D & S Equip. Inc.*
    (C.D.Cal. Nov. 10, 2020, No. 8:20-cv-00815-VAP-JPRx) 2020, U.S.Dist.LEXIS 248160 .... 26

*WesternGeco LLC v. ION Geophysical Corporation*,
    837 F.3d 1358 (Fed. Cir. 2016) ........................................................................... 35

*Whitserve, LLC v. Computer Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012) ............................................................................... 36

REDACTED PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On August 5, 2024, Plaintiff Solo Industries filed its original complaint against Defendant Herbonite, Inc., doing business as WickiePipes, for infringement of U.S. Patent No. 8,881,738 (the "Asserted Patent"). Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service was made upon WickiePipes through its registered agent, Misak Mkhdesyan, on August 20, 2024. Plaintiff then filed Proof of Service of Summons on September 9, 2024. [Doc. 10].

On November 25th, 2024, Solo Industries moved for Entry of Default against WickiePipes for failure to answer or otherwise plead in response to Solo Industries Complaint. [Doc. 14]. On December 2nd, 2024, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against WickiePipes. [Doc. 15]. Accordingly, WickiePipes is in default, and the prerequisites for a default judgment have been met. Further, the facts of the case satisfy the several *Eitel* factors which a Court may consider in exercising its discretion to enter final judgments by default put forth by the Ninth Circuit. *Eitel v. McCool* 782 F.2d 1470, 1471 (9th Cir. 1986).

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Solo Industries now moves for default judgment, seeking the following relief. First, Solo Industries requests that the Court find WickiePipes liable for patent infringement based on the factual allegations included in Solo Industries' well-pleaded Complaint. Second, Solo Industries request this Court issue a permanent injunction enjoining WickiePipes

from continuing to infringe the Asserted Patent through the importation, advertisement and sale of the Accused Product until its patent rights have extinguished. Third, Solo Industries requests that the Court award compensatory damages based on Solo Industries' lost profits. Fourth, Solo Industries requests that the Court award treble damages based on WickiePipes' willful infringement. Fifth, Solo Industries requests that the Court award attorney fees because WickiePipes' willful infringement and failure to participate in the above-captioned action render this case exceptional. Finally, Solo Industries requests that the Court award costs, prejudgment interest, and post-judgment interest so that Solo Industries may be fully compensated for the injuries it has sustained as a result of WickiePipes' willful infringement and failure to participate in this case.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

#### 1. SOLO INDUSTRIES' BUSINESS AND INTELLECTUAL PROPERTY

Plaintiff Solo Industries is a designer, distributor and online retailer of novel and inventive smoking pipes and accessories. [Doc. 1, ¶ 2; Declaration of Gary Bryman dated January 13th, 2025 ("Bryman Dec.") ¶¶ 2]. Solo Industries is an innovator in the smoking industry and has designed and developed a number of novel smoking-related devices. [Bryman Dec. ¶¶ 3]. In 2005, Gary Bryman the owner of Solo Industries, invented an all-in-one smoking device which provides a pipe and lighter in a single, compact device. [Bryman Dec. ¶¶ 4]. On October 26th, 2005, Mr.

Bryman filed a US patent application 11/260,018 entitled "Integrated Smoking Device" in order to protect his novel design. [Bryman Dec. ¶¶ 5]. On April 26, 2007, the US patent application 11/260,018 was approved and issued as registered patent US 7,753,055. [Bryman Dec. ¶¶ 6].

By 2007, Mr. Bryman had further developed the integrated smoking device concept into the embodiment that is sold by Solo Industries today (the "Solo Pipe" or "patented product"). [Bryman Dec. ¶¶ 7]. Mr. Bryman proceeded to pursue additional patents in order to protect the improved "Solo Pipe" invention. [Bryman Dec. ¶¶ 8]. During the pendency of the 11/260,018 application, two additional applications were filed. [Bryman Dec. ¶¶ 9]. The first of these applications, 11/875,793, went on to register as US Patent 7,905,236 on March 15th, 2011. [Bryman Dec. ¶¶ 10]. The second application, 13/046,129, filed on March, 11th, 2011 went on to register as US Patent 8,881,738. [Bryman Dec. ¶¶ 11]. Additionally, on August 31st, 2007, Mr. Bryman filed a design patent application directed toward the "Solo Pipe" invention that was granted a year later. [Bryman Dec. ¶¶ 12]. All of the design and utility patents related to the "Solo Pipe" invention (collectively, the "Solo Pipe patents") are now assigned to Solo Industries. [Doc. 1, ¶¶ 9; Bryman Dec. ¶¶ 13]. In Total, the USPTO issued four (4) patents to Mr. Bryman covering the Solo Pipe all-in-one smoking device:

- US Utility Patent No. 7,753,055;

- US Design Patent No. D577,150;

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

- US Utility Patent No. 7,905,236; and

- US Utility Patent No. 8,881,738.

This lawsuit arises out of Defendant's infringement of US Utility Patent No. 8,881,738 (the "Asserted Patent" or the "'738 Patent"). A copy of the Asserted Patent is attached to Declaration of Gary Bryman as **Exhibit B-1.**

### 2. PAST INFRINGEMENT OF SOLO INDUSTRIES' INTELLECTUAL PROPERTY BY WICKIEPIPE

In 2012, Solo industries learned of a California-based infringer, Mbyan, Inc. doing business as WickiePipe, that was selling knockoff "Solo Pipe" devices through its website <wickiepipe.com>. [Bryman Dec. ¶¶ 14]. In September 2012, Solo Industries initiated a lawsuit against WickiePipe in the United States District Court for the Central District of California for the infringement Solo Industries' intellectual properties, including U.S. Utility Patent 7,905,236 (hereafter the "2012 Lawsuit") [Bryman Dec. ¶¶ 15]. A copy of the complaint filed in the original WickiPipe lawsuit is attached to the Declaration of Gary Bryman as **Exhibit B-2.**

Mr. Misak Mkhdesyan was the owner of WickiePipe. [Bryman Dec. ¶¶ 16]. A copy of the Final Judgment of Damages and Permanent Injunction of the 2012 Lawsuit, which denotes that Mr. Misak Mkhdesyan attended court hearings for WickiePipe, is attached to the Declaration of Gary Bryman as **Exhibit B-3.**

On July 29, 2013, the Central District of California issued a Final Judgement of Damages and Permanent Injunction, (hereafter, the "2013 Final Judgement")

enjoining WickiePipe and its "and its officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity or in participation with MBYAN" from "… selling, transferring, or otherwise disposing of any Counterfeit Pipes or any other products or materials bearing the Solo Trademarks, or any other products or materials that infringe or contribute to the infringement of Solo's intellectual property rights, including its design patent, copyright, and trademark" [Bryman Dec. Exh. B-3]. Thus, the 2013 Final Judgement enjoined WickiePipe and Mr. Mkhdesyan from selling any products that infringe Solo Industries' intellectual property rights, including the Asserted Patent.

As a result of the 2012 Lawsuit, Mkhdesyan and WickiePipe had actual notice of the Solo Industries patent portfolio including the '236 patent and the Asserted Patent.

The 2013 Final Judgement further held WickiePipe liable for damages in the amount of $100,000 and required that WickiePipe transfer the domain name <wickiepipe.com> to Solo Industries. [Bryman Dec. Exh. B-3]. Less than a month later, WickiePipe filed for Chapter 7 voluntary bankruptcy in California Central Bankruptcy Court. [Bryman Dec. ¶¶ 17]. A copy of Wickiepipe's Voluntary Petition for Chapter 7 Bankruptcy is  attached to the Declaration of Gary Bryman as **Exhibit B-4**. Solo Industries never received a payment toward the $100,000 judgement. [Bryman Dec. ¶¶ 18].

### 3. WICKIEPIPES' RENEWED INFRINGEMENT OF SOLO INDUSTRIES' INTELLECTUAL PROPERTY

While Mbyan, Inc. was avoiding the Judgement entered against it through bankruptcy, Mr. Mkhdesyan continued operation of the WickiPipe business through a new entity, Herbonite Inc. [Bryman Dec. ¶¶ 19]. A screenshot of the California Secretary of State's website showing WickiePipes' business information is attached the Declaration of Gary Bryman as **Exhibit B-5**.

Just like its predecessor, Herbonite Inc. d/b/a WickiePipes is a California-based, online retailer of smoking pipes, lighters and other smoking accessories online through its website <https://www.wickiepipes.com/>. [Doc. 1, ¶¶ 3,6; Bryman Dec. ¶¶ 20]. WickiePipes sells the same products as those sold by WickiePipe. [Bryman Dec. ¶¶ 21]. Further, the domain <https://www.wickiepipes.com/> is nearly identical to the website domain formerly used by WickiePipe, <wickiepipe.com>, that was transferred to Solo Industries by order of the 2013 Final Judgement. [Bryman Dec. Ex. B-3]. Thus, it is apparent that WickiePipes is the same business as WickiePipe, only reformed as a new business entity to escape its previous liabilities.

At all times, WickiePipes has had knowledge of Solo Industries, its intellectual property and the Asserted Patent because its owner, Mr. Misak Mkhdesyan, was affiliated with WickiePipe at the time of the 2012 Lawsuit. Further, Mr. Mkhdesyan, as a corporate representative of Mbyan, Inc., was subject the 2013 Final Judgment

and prohibited from infringing Solo Industries' intellectual property, including its patents.

Despite its awareness of the Solo Industries intellectual property, at least as early as 2018, WickiePipes has sold the "Wikilite", an all-in-one smoking device that infringes the Solo Industries '738 patent (the "Accused Product). [Doc. 1, ¶ 14-15; Rovira Dec. ¶¶ 2]. An image of the Accused Product is attached to the January 13th, 2025 Declaration of Jared Rovira as **Exhibit R-1** (hereafter, "Rovira Dec."). A claim chart illustrating the infringement of at least claim 1 of the Asserted Patent by the Accused Product is attached to the Declaration of Jared Rovira as **Exhibit R-2**.

In the summer of 2024, Solo Industries learned of WickiePipes' renewed infringing activity and, in response, initiated the above-captioned action on August 5, 2024. [Bryman Dec. ¶¶ 22]. Since service of summons was made on Misak Mkhdesyan, on August 20, 2024, Mr. Mkhdesyan, Mr. Bryman and counsel for Solo Industries have been in consistent contact regarding potential settlement and the progress of the lawsuit. [Bryman Dec. ¶¶ 23]. During this time, Solo Industries has proffered several good faith settlement offers that have included progressively more favorable terms for WickiePipes. [Rovira Dec. ¶¶ 3] . WickiePipes has rejected every reasonable offer proposed by Solo Industries and has threatened to file for bankruptcy if Solo Industries obtains a judgement for monetary damages. [Rovira Dec. ¶¶ 4]. No agreement has been reached. [Rovira Dec. ¶¶ 5].

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

During the pendency of this suit, Solo Industries has made Wickiepipes aware of the progression of litigation. [Rovira Dec. ¶¶ 6]. Solo Industries, through its counsel, has provided Defendant a copy of the Order to Show Cause [Doc. 13], has notified Defendant of its intention to request Entry of Default and provided a copy of the Request for Entry of Default [Doc. 14] and has provided a copy of the Default entered by the Clerk. [Doc. 15; Rovira Dec. ¶¶ 7]. Indeed, Solo Industries even undertook the expense to draft and file the stipulation to an extension of time for WickiePipes to Answer the Complaint. [Doc. 11; Rovira Dec. ¶¶ 8]. Despite the fact that this is effectively the *second* lawsuit Solo Industries has been forced to file against a Wickipipe entity for patent infringement, Solo Industries has made every effort to achieve a mutually beneficial resolution with WickiePipes. In return, WickiePipes has refused to negotiate in good faith and has blatantly ignored this lawsuit.

The renewed infringement of Solo Industries' intellectual property by WickiePipes has created significant damage to Solo Industries in terms of lost profits. [Bryman Dec., ¶¶ 24]. Through email correspondence, WickiePipes has disclosed that it has ███████████ Accused Product from August 1st, 2018, when the first sales purportedly occurred, through August 1st, 2024. [Bryman Dec., ¶¶ 25]. A copy of WickiePipes' Shopify sales records for the Accused Product are attached to the Declaration of Gary Bryman as **Exhibit B-6**. But for the patent infringement of WickiePipes, Solo Industries would have ███████████ of its patented Solo Pipe

8

product. [Bryman Dec., ¶¶ 26]. At Solo Industries' ████████████████████

for the Solo Pipe, this amounts to $90,420.00 in lost profits. [Bryman Dec., ¶¶ 27].

**B.** Procedural Background

Solo Industries filed its Complaint against WickiePipes on August 5, 2024.

[Doc. 1]. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service was

made upon WickiePipes, through its registered agent for service of process, Misak

Mkhdesyan, on August 20, 2024.  On September 9, 2024, Solo Industries filed Proof

of Service of Summons providing that WickiePipes, had been served through its

registered agent. [Doc. 10]. Solo Industries then stipulated to, and this Court granted,

an extension of time for WickiePipes to respond to the Complaint until October 11,

2024. [Doc. 11]. WickiePipes still failed to answer or otherwise respond to the

Complaint or serve a copy of any answer or other responsive pleading upon

Plaintiff's counsel. The applicable time limit for responding to the complaint

expired. On November 25th, 2024 Solo Industries moved for Entry of Default against

WickiePipes. [Doc. 14 ]. On December 2nd, 2024, pursuant to Federal Rule of Civil

Procedure 55(a), the Clerk entered default. [Doc. 15]. Accordingly, WickiePipes is

in default, and the prerequisites for a default judgment have been met.

**III.**   THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST
       DEFENDANT

Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55 grant the

Court the discretionary power to enter final judgments by default. Entry of judgment

by default is an appropriate outcome where a Defendant fails to defend a civil action after having been properly served. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988).

### A. THE PREREQUISITES TO GRANTING DEFAULT JUDGEMENT HAVE BEEN MET

Under the Federal Rules of Civil Procedure, there is a two-step process required for entry of a default judgment. Fed. R. Civ. P. 55. First, the clerk of court enters default when a plaintiff shows that a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55(a). Second, other than cases involving liquidated damages, a plaintiff must motion to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

The Central District's Local Civil Rules also require a motion for default judgment to include a declaration stating (1) when and against what party default was entered, (2) the identification of the pleading to which default was entered, (3) whether the party in default is an infant or incompetent person, (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply, and (5) that notice has been served on the defaulting party if required by Fed. Rule of Civ. Proc. 55(b)(2). L.R. 55-1.

As discussed in the procedural background and evidenced by the Clerk's entry of default on December 2nd, 2024, Solo Industries has met the procedural requirements for entry of default judgement. Although not required, Solo Industries

has served this Motion on WickiePipes. Plaintiff now moves the Court for default judgment, and includes in the Declaration of Jared Rovira, the additional statements required by the Central District's Local Civil Rules. [See Rovira Dec. ¶¶ 9-13].

### B. THE *EITEL* FACTORS STRONGLY FAVOR ENTRY OF DEFAULT JUDGEMENT

The Ninth Circuit has set forth several factors which a Court may consider in exercising its discretion as to whether entry of default judgment is proper: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim and the sufficiency of the complaint; (3) the sum of money at stake; (4) the possibility of dispute concerning material facts; (5) whether default was due to excusable neglect; and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). As set forth below, Plaintiff satisfies each of the *Eitel* factors, therefore, default judgement against WickiePipes is merited.

### 1. PLAINTIFF WOULD BE PREJUDICED WITHOUT A DEFAULT

The first *Eitel* factor considers whether the plaintiff seeking judgement will suffer prejudice if default judgment is not entered. See *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

"A plaintiff suffers prejudice if there is no recourse for recovery absent default judgment." *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

(C.D. Cal. 2003). Here, unless default judgment is granted, Solo Industries will be without recourse against WickiePipes. As detailed below, Solo Industries has already suffered a significant loss of profits and, without an injunction, will suffer further loss from WickiePipes' continued infringing activity. Further, other potential infringers will be emboldened to sell infringing products if they become aware that there is no consequence for simply ignoring the legal system. *Laltitude LLC v. Shenzhen Jinnuo Precision Prods. Co.*, 2023 U.S. Dist. LEXIS 35381, at *5 (C.D. Cal. Mar. 1, 2023). Therefore, this factor favors entry of default judgment.

### 2. PLAINTIFF'S PATENT INFRINGEMENT CLAIM IS MERITORIOUS

Next, the second *Eitel* factor consider "the substantive merits of the claim and pleading sufficiency of the complaint." *Laltitude*, 2023 U.S. Dist. LEXIS 35381, at *5 . In order for this factor to weigh in its favor, a plaintiff must properly allege the elements of its causes of action and adequately plead its claims. *PepsiCo*, 238 F. Supp. 2d at 1175-76. Specifically, to plead a claim for direct patent infringement, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Laltitude,* 2023 U.S.Dist.LEXIS 35381, at *6 quoting *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quotation omitted) (citing *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)).

The general rule of law is that upon entry of default, "the well-pled factual allegations of the complaint are taken as true, with the exception of allegations

concerning the amount of damages" See *BASF Corp. v. Alpha Car Ctr., Inc.* (C.D.Cal. Jan. 20, 2021, No. CV 20-0246 FMO (MAAx)) 2021 U.S.Dist.LEXIS 10449, at *3.

WickiePipes' liability for direct patent infringement and willful patent infringement is well-pled and well-established.

Regarding direct infringement, under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a).

First, the Complaint states that Solo Industries owns the entire, right, title and interest in the Asserted Patent via an assignment [Doc. 1, ¶¶ 9-10]. A copy of the Patent Assignment document evidencing Solo Industries' ownership of the Asserted Patent was attached to the Complaint. [Doc. 1, Ex. B]. Solo Industries has never licensed, or otherwise permitted use of, its rights in the Asserted Patent to WickiePipes. [Doc. 1, ¶¶ 9-10; Bryman Dec. ¶¶ 28].

Second, the Complaint asserts that the Accused Product sold by WickiePipes infringes at least claim 1 of the Asserted Patent. [Doc. 1 ¶¶ 15-16]. While a plaintiff need not "specifically include each element of the claims of the asserted patent" to meet the pleading requirement, a claim chart specifically detailing the infringement of Claim 1 of the Asserted Patent by the Accused Product is attached as Exhibit 2 to

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

the Declaration of Jared Rovira. *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.,* 203 F.3d 790, 794 (Fed. Cir. 2000).

Third, the Complaint sufficiently alleges WickiePipes' infringing activity through the sale of and offer for sale of the Accused Product on its website. [Doc. 1 ¶¶ 14]. In further support, a screenshot of the Accused Product for sale on WickiePipes' website <wickiepipes.com> is attached to the Declaration of Jared Rovira as **Exhibit R-3.** [Rovira Dec. ¶¶ 14, Ex. R-3].

Therefore, the elements necessary for direct patent infringement are established.

Regarding the showing of willful infringement, a plaintiff must demonstrate, in addition to the elements of direct infringement, that a defendant had actual knowledge of the patent and knowledge of infringement or is willfully blind to the existence of a patent. *Fleet Connect Sols. LLC v. Scosche Indus.* (C.D.Cal. May 20, 2024, No. 2:23-cv-09324 HDV AJRx) 2024 U.S.Dist.LEXIS 90477, at *8. Willful blindness is proven by showing,"(1) that the defendant subjectively believes there is a high probability that a relevant patent exists, and (2) that the defendant takes deliberate actions to avoid learning of that fact." *Koninklijke Philips N.V. v. TTE Tech., Inc.*, No. 20-cv-01406-CJC-MRWx, 2020 U.S. Dist. LEXIS 263404, 2020 WL 13302815, at *2 (C.D. Cal. Sept. 3, 2020) (citing *Global-Tech Appliances, Inc.* v. SEB S.A., 563 U.S. 754, 769, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011)).

WickiePipes had actual knowledge of the Asserted Patent, or, at the very least, was willfully blind to the Asserted Patent.

The owner of WickiePipes, Mr. Misak Mkhdesyan, was previously the owner of WickiePipe. In 2012, WickiePipe was sued by Solo Industries for, among other things, infringement of U.S. Utility Patent 7,905,236 (the "'236 Patent"). At that time, US Patent Application No. 2011/01626631 (the "'631 Application") was a published, pending application linked to the '236 Patent. The first page of '236 Patent (which was attached to the complaint) identified that there are additional patents and patent applications linked to the '236 Patent. At the time of the 2012 Lawsuit, the '631 Application had been permanently published and its file wrapper was opened for inspection by the public. Thus, even a cursory investigation into '236 Patent (as would be routine for a party accused of infringement of the same) would have revealed the '631 Application that resulted in Asserted Patent.

Further, on July 29, 2013, the Central District of California issued a Final Judgement of Damages and Permanent Injunction, (hereafter, the "2013 Final Judgement") enjoining WickiePipe and its "and its officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity or in participation with MBYAN" from "… selling, transferring, or otherwise disposing of any Counterfeit Pipes or any other products or materials bearing the Solo Trademarks, or any other products or materials that infringe or contribute to the infringement of Solo's intellectual property rights…" (Mr.

15

Mkhdesyan was present in court for the several hearings preceding the 2013 Final Judgement). The 2013 Final Judgement enjoined WickiePipe and Mr. Mkhdesyan from selling any products that infringe Solo Industries' intellectual property rights, including the Asserted Patent.

Therefore, Mr. Mkhdesyan had actual knowledge of the Asserted Patent. Being the owner of WickiePipes, Mr. Mkhdesyan's actual knowledge is imputed to WickiePipes and the conditions for willful infringement are satisfied.

In the alternative, Mr. Mkhdesyan, and  WickiePipes, are at least willfully blind to the Asserted Patent by intentionally neglecting to take rudimentary steps in investigating the '236 Patent asserted against WickiePipe in 2012. As discussed above, a showing of willful blindness requires showing that, (1) the defendant subjectively believes there is a high probability that a relevant patent exists, and (2) that the defendant takes deliberate actions to avoid learning of that fact.

Regarding the first element, even a brief review of face of the '236 Patent attached to the complaint filed against WickiePipe in 2012 would have shown Mr. Mkhdesyan that there was a certainty that relevant patents and patent applications existed. The second element is likewise satisfied because Mr. Mkhdesyan would have had to deliberately not perform any further investigation into the patents and patent application listed on the '236 Patent in order to avoid discovering the application for the Asserted Patent. Therefore, Mr. Mkhdesyan and WickiePipes are willfully blind as to the Asserted Patent and willfully infringed the same.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

Finally, courts in this district have found that the willfulness of infringement of intellectual property by a defendant can be inferred based on its failure to appear in an action. See *Unicolors, Inc. v. Colon Mfg.* (C.D.Cal. Jan. 28, 2014, No. CV 13-5726 SVW) 2014 U.S.Dist.LEXIS 195782, at \*10; *Warner Bros. Ent, Inc. v. Duhy,* C.D.Cal. Nov. 30, 2009, No. CV 09-5798-GHK (FMOx)) 2009 U.S.Dist.LEXIS 123332, at \*4-5. Because WickiePipes has not appeared in this litigation, its infringement should be found to be willful.

WickiePipes' and Mr. Mkhdesyan's actions not only constitute willful infringement but contravene the Final Judgement issued by this court in 2013. This court should find that WickiePipes committed direct and willful infringement of the Asserted Patent.

### 3. THE SUM OF MONEY AT STAKE IS NOT UNREASONABLE

The third *Eitel* factor "takes into account the amount of money at stake and the seriousness of the defendant's conduct, which involves an assessment of whether the recovery sought is proportional to the harm which the defendant's conduct has caused." See *Trs. of the Operating Eng'rs Pension Trust v. D & S Equip. Inc.* (C.D.Cal. Nov. 10, 2020, No. 8:20-cv-00815-VAP-JPRx) 2020, U.S.Dist.LEXIS 248160, at \*6. As discussed below, Solo Industries seeks reasonable contemporary and treble damages, attorney's fees, costs and interest it is entitled to for the deliberate infringement of its patent rights. Because the $90,420.00 in compensatory damages and treble damages are supported by the record and proportional to the harm caused

by WickiePipes' conduct, this factor weighs in favor of default judgment. [Bryman Dec. ¶¶ 24-27; Doc. 18].

### 4. THE POSSIBILITY OF DISPUTED MATERIAL FACTS IS VERY UNLIKELY

The fourth *Eitel* factor favors Solo Industries' request for default judgement. Upon entry of default, a complaint's factual allegations are presumed to be true, except for allegations of the amount of damages. *BASF Corp. v. Alpha Car Ctr., Inc*. U.S.Dist.LEXIS 10449, at *3. *See* also PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002)(noting that "[u]pon entry of default, all well- pleaded facts in the complaint are taken as true… [and that] [a]ccordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion [for default judgment].")

Even so, the material facts relating to the elements of direct and willful infringement are fully laid out above. No genuine dispute of material facts would preclude granting of this motion.

### 5. THE DEFAULT WAS NOT DUE TO EXCUSABLE NEGLECT

The fifth *Eitel* factor also weighs in favor of default judgment. Where the defaulting party is "properly served with the complaint, the notice of entry of default, as well as the papers in support of the [default] motion," the failure to defend cannot be attributed to excusable neglect. See *Shanghai Automation Instrument Co. v. Kue*i, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). As discussed supra, WickiePipes is in receipt of the Complaint via perfected service and is well aware of the present

litigation. Despite this, WickiePipes has failed to participate in the case, which makes resolution on the merits impossible. See *PepsiCo, Inc. v. California Sec. Cans,*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "Under Fed.R.Civ.P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id*. The same precedent should be followed here.

### 6. DEFENDANT'S OWN CONDUCT FRUSTRATES THE POLICY FAVORING DECISIONS ON THE MERITS

The sixth and final factor weighs the strong policy encouraging decisions on the merits. *Eitel v. McCool,* at 1471-72 .While decision on the merits is preferable in legal disputes, a ruling on the merits is not required, particularly where a party makes such a resolution impossible. *PepsiCo, Inc. v. Cal. Sec. Cans*, at 1172. Instead, "in applying this discretionary standard, default judgments are more often granted than denied." See *PepsiCo, Inc. v. Triunfo-Mex*, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999). WickiePipes, despite being properly served and having every opportunity to participate, has failed to respond to the Complaint, removing the option of a dispute on the merits.

In the present case, the public interest is not harmed by exercise of default judgement but is promoted by refusing to allow infringers to avoid consequences by simply ignoring the legal system. Accordingly, a default judgment is the appropriate in this case.

## IV.    THE REMEDIES PLAINTIFF SEEKS ARE APPROPRIATE

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

Solo Industries only seeks appropriate remedies in its Motion. The non-monetary relief sought is limited to the relief prayed for in the Complaint, namely, an order permanently enjoining WickiePipes, its officers, agents, attorneys and employees, and those acting in privity or concert with WickiePipes, from engaging in the manufacture, use, offer for sale or sale within the United States, or importation into the United States, of the Accused Product until after the expiration date of the patent-in-suit. Regarding the monetary relief sought, for WickiePipes' direct and willful infringement, Solo Industries seeks an award of compensatory damages, treble damages, attorneys' fees, costs, prejudgment interest, and post-judgment interest, all of which Solo Industries is entitled to.

**A.** PLAINTIFF IS ENTITLED TO A PERMANENT INJUNCTION

Solo Industries seeks a permanent injunction preventing WickiePipes from continuing to infringe the Asserted Patent through the importation, advertisement and sale of the Accused Product until its patent rights have extinguished. The Patent Act expressly provides that injunctions may issue "in accordance with principles of equity." 35 U.S.C. §283. A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved

by a permanent injunction." See *EBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391-92 (2006). All four factors weigh in favor of Solo Industries.

### 1. PLAINTIFF HAS SUFFERED IRREPARABLE INJURY AND MONETARY DAMAGES ARE INADEQUATE

The Federal Circuit has noted that in assessing the degree of irreparable harm cause by patent infringement, "[t]he essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent." See *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323 (Fed. Cir. 2008). While monetary damages can recompense for past infringement damages, they are not suitable for to prevent future infringement. *Id.* See also *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975–76 (Fed. Cir. 1996).

Through default, WickiePipes has admitted to the direct infringement of the Asserted Patent as alleged in the Complaint. Further, as shown herein, WickiePipes' infringement was deliberate and willful. The undisputed allegations of the Complaint verify that Solo Industries has been and is currently being irreparably harmed by WickiePipes' ongoing infringement. That harm is not adequately alleviated through monetary damages.

Based on willful infringement of WickiePipes and Mr. Mkhdesyan in the face of the 2013 Final Judgment to abstain from infringing Solo Industries' intellectual property and based on WickiePipes' and Mr. Mkhdesyan's refusal to participate in this lawsuit, it is highly likely the Defendant will continue to infringe, thus making

the entry of a permanent injunction directed toward the Accused Product and the Asserted Patent necessary.

### 2. BALANCE OF HARDSHIP FAVORS PLAINTIFF

The balance of hardship test strongly supports Solo Industries' request for a permanent injunction. The harm to Solo Industries absent a permanent injunction is discussed fully above. There is no evidence of hardship on WickiePipes to be compared to that of Plaintiff's. Indeed, a permanent injunction in the present matter would only force WickiePipes to comport with the law by ceasing the sale of infringing products. "There is no hardship to a defendant when a permanent injunction would merely require the defendant to comply with law." *Deckers Outdoor Corp. v. Ozwear Connection Pty, Ltd.*, 2014 U.S. Dist. LEXIS 132169, 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014). Accordingly, this factor weighs in favor of grant of a permanent injunction.

### 3. A PERMANENT INJUNCTION SERVES THE PUBLIC INTEREST

The public has a strong interest in maintaining the integrity of the patent system by enforcing a patent owner's right to exclude. *Broadcom Corp. v. Qualcomm* Inc., 543 F.3d 683, 704 (Fed. Cir. 2008). Further, a grant of a permanent injunction that protects a plaintiff's federal rights, "is in the public interest, and would have no adverse effect on the public." *Deckers Outdoor Corp. v. Ozwear Connection Pty, Ltd*. (C.D.Cal. Sep. 18, 2014, No. CV 14-2307 RSWL (FFMx)) 2014 U.S.Dist.LEXIS

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

132169, at *33.). Thus, preservation of Solo Industries' federal patent rights through grant of an injunction serves to benefit the public interest.

Accordingly, weighing all of the above factors, Plaintiff has demonstrated it will suffer irreparable harm absent an injunction, and it is clear the balance of equities warrants permanent injunctive relief.

**B.** PLAINTIFF IS ENTITLED TO COMPENSATORY DAMAGES BASED ON LOST PROFITS

The Court should award $90,420.00 in compensatory damages based on Solo Industries' lost profits. [Bryman Dec. ¶¶ 25-17] This amount would have been received by Solo Industries from the sale of patented products between August 1st, 2018 and August 1st, 2024, but for WickiePipes' infringement.

Under 35 U.S.C. § 284, the Court may award damages adequate to compensate Solo Industries for the infringement of its patent rights. Compensatory damages may be calculated using Solo Industries' lost profits. See *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995). A patent owner need only prove lost profits to a reasonable degree of probability and uncertainties should be resolved against the infringer. See *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1326-27 (Fed. Cir. 1987). When damages cannot be precisely calculated because of the absence of evidence from an infringer, any doubt should be construed against the infringer. See *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

Evidence of lost profits is accepted when a plaintiff "show(s) a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer" by establishing: "(1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit it would have made." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d at 1545.

During settlement communications, WickiePipes produced its Shopify sales which showed that the Accused Product was sold from August 1st, 2018 until August 1st, 2024. [Bryman Dec., ¶¶ 25, Ex. B-6]. The Court should find that, but for WickiePipes' infringement, Solo Industries would have profited from all Accused Product sales during this time.

First, from August 1st, 2018 until August 1st, 2024 there was significant demand for the patented invention, as shown by the fact that consumers purchased both the infringing Accused Product from WickiePipes, and patented product described in the Asserted Patent from Solo Industries during this period. [Bryman Dec., ¶¶ 25-27, Ex. B-6]. WickiePipes' motivation to sell the infringing Accused Product despite known risk, due to WickiePipes' ostensible company predecessor having been found liable for infringement of a related patent owned by Solo Industries, provides additional evidence of demand for the patented product.

Second, to the best of Solo Industries' knowledge, no acceptable non-infringing substitutes for Solo Industries' patented integrated smoking devices were

available on the market between August 1st, 2018 until August 1st, 2024. [Bryman Dec., ¶¶ 28]. Damages are only limited due to availability of the non-infringing alternatives when a defendant proves that an acceptable substitute was actually available on the market to the relevant consumers during the accounting period. *Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999).

Third, Solo Industries sold its patented integrated smoking devices between August 1st, 2018 until August 1st, 2024, during which time Solo Industries was fully capable of exploiting the demand for the Accused Product sold by WickiePipes. [Bryman Dec., ¶¶ 29].

Fourth, Solo Industries can prove its lost profits with precision because WickiePipes has disclosed its sales metrics for the Accused Product from August 1st, 2018 through August 1st, 2024. [Bryman Dec., ¶¶ 25-27, Ex. B-6]. According to WickiePipes, ████████ Accused Product were sold over this period. But for WickiePipes' infringement, Solo Industries would have sold ████████ patented "Solo Pipe" products at its profit margin. The average cost for Solo Industries' "Solo Pipe" patented product ████████, while the average retail price ████████ [Bryman Dec. ¶¶ 25-27]. Therefore, Solo Industries' lost profits from WickiePipes' infringement amount to $90,420.00. [Bryman Dec. ¶¶ 25-27].

The four-factor test for demonstrating lost profits "'but for'" the patent infringement of WickiePipes is satisfied and Solo Industries is entitled to compensatory damages of $90,420.00.

### C. PLAINTIFF IS ENTITLED TO TREBLE DAMAGES FOR WICKIEPIPES' WILLFUL INFRINGEMENT

The Court should treble Solo Industries' compensatory damages because WickiePipes willfully infringed the Asserted Patent despite its knowledge of Solo Industries, Solo Industries' patent portfolio and the Asserted Patent as discussed above.

Under 35 U.S.C. § 284, the Court "may increase the damages up to three times the amount found or assessed." There is no "rigid formula" for awarding such damages; rather, the Court has "discretion in meting out enhanced damages." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1934 (2016). Indeed, "subjective willfulness alone—i.e., proof that the defendant acted despite a risk of infringement that was either known or so obvious that that it should have been known to the accused infringer—can support an award of enhanced damages." *WesternGeco LLC v. ION Geophysical Corporation*, 837 F.3d 1358, 1362 (Fed. Cir. 2016).

Further, the California Central District has found treble damages appropriate in default judgement scenarios when defendants willfully infringe a patent and then refuse to participate in the subsequent lawsuit – a nearly identical situation to the

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

present case. *Forever Founds. & Frame, LLC v. Optional Prod. LLC*, No. SA CV 13-1779-DOC, 2014 WL 12585800, at *5 (C.D. Cal. Dec. 19, 2014).

Therefore, treble damages are entirely appropriate in this case.

### D. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES

The Court should award attorney fees in exceptional cases under 35 U.S.C. § 285. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756-57 (2014). The reasons this case is exceptional and the Court should award Solo Industries reasonable attorney fees are threefold.

First, WickiePipes' failure to appear in this lawsuit render this case exceptional. *3M Co. v. Phoenix Auto. Refinishing Co.*, C.D.Cal. Apr. 25, 2018, No. CV 17-00649-RSWL-DTB, 2018 U.S. Dist. LEXIS 70589, at *17 ("[A] defendant's disregard of the proceedings and failure to appear may make the case exceptional."). Second, this case is exceptional due to WickiePipes' willful infringement of the Asserted Patent. *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001); see also *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 37 (Fed. Cir. 2012). Third, this case is exceptional because WickiePipes intentionally disregarded a court order in its willful infringement. *Octane Fitness, LLC v. ICON Health & Fitness, Inc*, 134 S. Ct. at 1758.

WickiePipes' conduct that is the basis for this lawsuit and its behavior during this litigation qualify this case as exceptional and entitles Solo Industries to attorney fees. If the Court awards attorney fees, Solo Industries requests permission to submit

a fee application within fourteen (14) days of the entry of the default judgment pursuant to Fed. R. Civ. P. 54(d)(2), or in any other manner the Court requests.

**E.  PLAINTIFF IS ENTITLED TO COSTS**

35 U.S.C. § 284 provides that "[u]pon finding for the claimant the court shall award the claimant damages . . . together with . . . costs as fixed by the court." 35 U.S.C. § 284; Fed. R. Civ. P. 54(d)(1). Solo Industries is entitled to recover costs of litigating this action. Plaintiff will submit a bill of costs following the entry of judgment.

**F.  PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST**

The Court should award Solo Industries prejudgment interest on all compensatory damages awarded to Solo Industries. Under 35 U.S.C. § 284, a plaintiff is entitled to, "damages adequate to compensate for the infringement. . . with interest." Further, "prejudgment interest is the rule, not the exception," and "prejudgment interest in patent cases is withheld only under exceptional circumstances." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). Finally, quarterly compounding of prejudgment interest is appropriate in patent cases. *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579-80 (Fed. Cir. 1988).

Prejudgment interest should begin to accrue for compensatory damages from the date infringement began until the date of judgment. *GoTV Streaming, LLC v. Netflix, Inc.* (C.D.Cal. Jan. 16, 2024, No. 2:22-cv-07556-RGK-SHK) 2024

U.S.Dist.LEXIS 8659, at *5 quoting *Schwendimann v. Arkwright Advanced Coating, Inc.,* 959 F.3d 1065, 1076 (Fed. Cir. 2020). While courts are given discretion in determining the prejudgment interest rate, courts commonly apply the state statutory interest rates or the U.S. Treasury bill rate in the absence of support for an alternative rate. *GoTV Streaming, LLC v. Netflix, Inc.,* 2024 U.S.Dist.LEXIS 8659, at *5. The current California state statutory interest rate is 7.0%. See Cal Const, Art. XV § 1.

Accordingly, Solo Industries requests that prejudgment interest be applied to the compensatory damages at the applicable statutory interest rate, quarterly from August 1st, 2020 to the present date. Therefore, Solo Industries requests $50,654.00 in prejudgment interest. [Rovira Dec. ¶¶ 15].

### G. PLAINTIFF IS ENTITLED TO POST-JUDGEMENT INTEREST

The Court should award Solo Industries post-judgment interest on the entire judgment, including any attorney fees awarded. Post-judgment interest is mandatory under 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." See also *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) ("Interest on an attorney fee award thus runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum."). Post-judgment "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

28 U.S.C. § 1961(a). Therfore, "[i]nterest shall be computed daily to the date of payment." 28 U.S.C. § 1961(b).

## V.    CONCLUSION

Solo Industries has established WickiePipes' liability for patent infringement and the amount of damages to which it is entitled. Solo Industries respectfully requests that this Court enter Default Judgment against WickiePipes and grant the relief requested in the accompanying proposed order, including permanently enjoining WickiePipes, its officers, agents, attorneys and employees, and those acting in privity or concert with WickiePipes, from engaging in the manufacture, use, offer for sale or sale within the United States, or importation into the United States, of the Accused Product until after the expiration date of the Asserted Patent, compensatory damages, treble damages, attorney's fees, costs, and interest. Upon a finding by the Court that Solo Industries is entitled to recover attorney fees and costs, Solo Industries will submit evidence supporting the amounts sought.

DATED this 24th day of February, 2025          Respectfully submitted,

_/s/ Kevin Ryan Behrendt_

Kevin Ryan Behrendt
CASBN#211879
13101 Washington Boulevard,
Suite 407
Los Angeles, CA 90066
Phone: (310) 614-2492
Facsimile: (310) 954-9206
E-mail: kevin@dermerbehrendt.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Solo Industries, Inc, certifies on this 28th day of February, 2025, that this brief contains 6939 words, which complies with the word limit of L.R. 11-6.1.

/s/ Kevin Ryan Behrendt
Kevin Ryan Behrendt

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing Plaintiff's Motion for Default Judgement and accompanying Memorandum of Law in Support of Plaintiff's Motion for Default Judgment, Declaration of Gary Bryman, the Declaration of Jared Rovira, and the proposed Order Granting Plaintiff's Motion For Default Judgment were mailed to Defendant Herbonite, Inc. by United States Mail on this 28th day of February 2025.

/s/ Kevin Ryan Behrendt
Kevin Ryan Behrendt

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST HERBONITE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES