Kevin Ryan Behrendt CASBN#211879
Dermer Behrendt
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone:		(310) 614-2492
Facsimile:	(310) 954-9206
E-mail:		kevin@dermerbehrendt.com

Attorney for Plaintiff
SOLO INDUSTRIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HERBONITE, INC., <br><br> Defendant, | Case No. 2:24-cv-06595-MWF-MAR <br><br><br> **Hon. Michael W. Fitzgerald** <br> **United States District Judge** |

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This action was commenced by Solo Industries, Inc. ("Solo Industries") against Defendant Herbonite, Inc., doing business as WickiePipes. Solo Industries has moved for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and for default judgment against Defendants pursuant to Rule 55(b)(2). The Court, having read and considered Solo Industries' motion, supporting memorandum and evidence, FINDS as follows:

1. The Court has jurisdiction over the subject matter of the action pursuant to 35 U.S.C. §271(a) and 28 U.S.C. § 1331 & 1338.

2. Solo Industries, Inc. is the owner of US Utility Patent No. 8,881,738, which is active and valid.

3. Solo Industries, Inc.'s Complaint properly alleges direct patent infringement in violation of the Patent Act, 35 U.S.C. §271(a).

4. Defendant knowingly infringed, without permission, Solo Industries, Inc.'s US Utility Patent No. 8,881,738 through the sale and offer for sale of infringing products.

5. Solo Industries, Inc. has suffered irreparable injury as a result of Defendant's actions and, without issuance of an injunction, will continue to suffer irreparable harm.

6. Defendant is liable to Solo Industries, Inc. for claims of direct patent infringement (35 U.S.C. §271(a)). Defendant is liable to Solo Industries, Inc. for compensatory damages under 35 U.S.C. § 284. Defendant's conduct was willful and deliberate and, therefore, damages are trebled under 35 U.S.C. § 284.

7. The Defendant's willful infringement and refusal to appear in this case render this case exceptional under 35 U.S.C. § 285 and, therefore, Solo Industries, Inc. is entitled to attorneys' fees.

8. Defendant has been properly served in this case with Solo Industries, Inc.'s Complaint. The deadline for Defendant to answer or otherwise respond to Solo

Industries, Inc.'s Complaint was October 11th, 2024. Defendant failed to answer, file an appearance or otherwise participate in this litigation.

IT IS HEREBY ORDERED that Solo Industries, Inc.'s Motion for Default Judgment is GRANTED in its entirety and DEFAULT JUDGMENT IS ENTERED AGAINST THE DEFENDANT;

IT IS FURTHER OREDERED that the Defendant and its officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with it, be permanently enjoined and restrained from:

(a) Making, using, offering for sale, selling or importing any goods or services, including the Accused Product, which infringe US Utility Patent No. 8,881,738.

(b) Making, using, offering for sale, selling or importing any goods or services, including the Accused Product, which infringe Solo Industries, Inc.'s intellectual property rights.

(c) Passing off Defendant's goods or services as those of Solo Industries, Inc.;

IT IS FURTHER ORDERED that Solo Industries, Inc. is awarded $90,420.00 in compensatory damages, which, due to the Defendant's willful infringement, are hereby trebled to $271,260.00 under 35 U.S. Code § 284;

IT IS FURTHER ORDERED that Solo Industries, Inc. is awarded reasonable attorney's fees in an amount to be determined under 35 U.S.C. § 285 due to the

exceptional nature of this case. Solo Industries, Inc. is to submit a fee application within fourteen (14) days of the date of this Judgement.

  IT IS FURTHER ORDERED that Solo Industries, Inc. is awarded costs in an amount to be determined. Solo Industries, Inc. is to submit a bill of costs within fourteen (14) days of the date of this Judgement.

  IT IS FURTHER ORDERED that Solo Industries, Inc. is awarded prejudgment interest in the amount of $50,654.00.

  IT IS FURTHER ORDERED that Solo Industries, Inc. is awarded post-judgment interest in an amount to be determined.

  IT IS FURTHER OREDRED that until Solo Industries, Inc. has recovered full payment of the monetary damages awarded herein, Solo Industries, Inc. shall have the ongoing authority to serve this Judgment on any bank, savings and loan, or other financial institution and, upon receipt of this Judgment, any such financial institution shall immediately locate and restrain any accounts of Defendant and any funds in such accounts shall be released to Solo Industries, Inc. within ten (10) business days of receipt of this Judgment.

  IT IS FURTHER ORDERED that within thirty (30) days of the date of this Order, Defendant file with the Court and serve on Solo Industries, Inc.'s counsel a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with this Order.

IT IS FURTHER ORDERED that the Court shall retain personal jurisdiction and venue over Solo Industries, Inc., Defendant, and the subject matter of this action for purposes of construing and enforcing this Judgment. If either party prevails in a claim that the other party breached the terms of the Judgment, then the prevailing party is entitled to recovery of its attorneys' fees and costs for pursuing such breaches or violations.

SO ORDERED on this _____ day of _____, 2025.

_____
Honorable Michael W. Fitzgerald
United States District Judge