UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-06595-MWF (MARx) | Date: | March 31, 2025 |
| Title: | Solo Industries, Inc. v. Herbonite, Inc. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [30] [31]

Before the Court is the Motion for Default Judgment (the "Motion") filed on February 28, 2025, by Solo Industries, Inc. against Defendant Herbonite, Inc. (Docket Nos. 30, 31). No opposition or reply was filed.

The Court has read and considered the papers on the Motion and held a hearing on **March 31, 2025**.

The Motion is **GRANTED**. Plaintiff has satisfied the procedural and substantive requirements for a default judgment and has demonstrated that a permanent injunction and its other requested relief are appropriate.

I.  **BACKGROUND**

   A.  **Factual Allegations**

Plaintiff initiated this action on August 5, 2024. (Complaint (Docket No. 1)). The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (internal quotation marks and citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-06595-MWF (MARx) | Date: March 31, 2025 |
| Title: Solo Industries, Inc. v. Herbonite, Inc. | |

Plaintiff is a California corporation, with its principal place of business in Venice, California. (Complaint ¶ 2). Defendant is a California corporation with its principal place of business in Van Nuys, California. (*Id.* ¶ 3). Defendant also does business under the moniker "WickiePipes." (*See generally* Motion; *see also* Complaint ¶ 14 (displaying an image from Defendant's website showing the trade name WickiePipes)). On November 11, 2014, United States Patent Number 8,881,738 (the "'738 Patent") was issued to Gary Bryman, which he subsequently assigned to Plaintiff. (*Id.* ¶ 8). "The '738 Patent relates to an integrated smoking device that includes a bowl for holding smoking material, an ignition source, a fuel source directing fuel at the bowl, and a chamber to carry smoke to the user. Some embodiments may include a housing or a cover over the bowl." (*Id.* (internal quotation omitted)). Plaintiff has never assigned its rights in the '738 Patent to Defendant. (*Id.* ¶ 10).

Plaintiff alleges that Defendant has infringed and continues to infringe the '738 Patent by "making, using, selling, and offering for sale in the United States, and/or importing into the United States an integrated smoking device identified by the designation 'Wikilite' (hereinafter, 'Accused Product')." (*Id.* ¶ 14). Plaintiff alleges in particular that "the Accused Product includes every limitation of Claim 1" of the '738 Patent, because it matches the following limitations in Claim 1:

> An integrated smoking device comprising: a housing; a bowl disposed in the housing; a smoke tube coupled to the bowl at a bowl end allowing gaseous flow from the bowl end to a draw end; a flame assembly associated with a fuel aperture for directing fuel for a flame near the bowl and approximately parallel to the bowl; an igniter arranged near the fuel aperture so that when the fuel aperture is directing fuel, the igniter ignites the fuel; and a moveable arm, said moveable arm externally and proximately mounted near the bowl, the moveable arm further comprising the flame assembly and an air intake aperture; wherein said moveable arm has an active position and an inactive position, wherein said moveable arm is thrust above the housing in the active position and is lowered towards the housing in the inactive position; and wherein said flame assembly further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 24-06595-MWF (MARx) | Date:  March 31, 2025 |
| Title: | Solo Industries, Inc. v. Herbonite, Inc. | |

comprises said fuel aperture and said igniter; a user control arranged such that a user may activate the igniter and cause fuel to flow from the fuel aperture, so as to produce a flame directed at the bowl, in a single operation.

(*Id.* ¶ 15 (quoting '738 Patent (Docket No. 1-1) at 13)).

On the basis of these allegations, Plaintiff brings a single claim for infringement of the '738 Patent. (*Id.* ¶ 1). As explained in the Motion, Plaintiff seeks a declaration that Defendant has infringed the '738 Patent; a permanent injunction; compensatory damages in the amount of $90,420.00, enhanced in the total amount of $271,260.00; prejudgment interest in the amount of $50,654.00; and attorneys' fees, costs, and post-judgment interest in amounts to be determined. (Motion at iii-iv).

Though not contained in the Complaint, the Motion puts forward further relevant allegations. The Motion states that Bryman secured three additional patents to cover his invention, the Solo Pipe. (*Id.* at 3-4). In addition to the '738 Patent, Bryman secured a design patent and two utility patents. (*Id.*). These patents were also assigned to Plaintiff. (*Id.* at 3). In 2012, Plaintiff filed a lawsuit against an entity named Mbyan, Inc. ("Mbyan"), which did business as WickiePipe, for infringement of one of Plaintiff's utility patents, numbered 7,905,236. (*Id.* at 4). Misak Mkhdesyan was the owner of WickiePipe and is the principal of Defendant. (*Id.* at 4, 6).

In 2013, Plaintiff prevailed in its lawsuit against WickiePipe and won a judgment that made Mbyan liable for damages in the amount of $100,000. (*Id.* at 5). Mbyan was also enjoined from "selling, transferring, or otherwise disposing of any Counterfeit Pipes or any other products or materials bearing the Solo Trademarks, or any other products or materials that infringe or contribute to the infringement of Solo's intellectual property rights, including its design patent, copyright, and trademark." (*Id.* at 5 (quoting Final Judgment of Damages and Permanent Injunction (Docket No. 31-1) at 3). Mkhdesyan attended court hearings in that case on behalf of Mbyan. (Motion at 5).

Mbyan underwent bankruptcy and Plaintiff was never paid any amount toward the $100,000. (*Id.* at 5-6). Defendant does business as "WickiePipes," the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-06595-MWF (MARx) | Date: | March 31, 2025 |
| Title: | Solo Industries, Inc. v. Herbonite, Inc. | | |

business name as Mbyan, though with an added "s." (*Id.* at 6). Mbyan's internet domain—http://www.wickiepipe.com—was transferred to Plaintiff as part of the prior proceedings. (*Id.*). Defendant now does business under the nearly identical domain http://www.wickiepipes.com. (*Id.*). Under the terms of the injunction, Mbyan's "officers, directors, principals, agents, servants, employees, successors and assigns," among others, were enjoined from the same infringing activities as Mbyan itself. (Final Judgment of Damages and Permanent Injunction at 2).

Since filing the Complaint, Plaintiff has been in contact with Defendant regarding the alleged infringement, as reflected, for instance, in Mkhdesyan's signature on the Stipulation to Extend Time to Respond to Initial Complaint (Docket No. 11). Defendant has rejected Plaintiff's settlement offers and has threatened to file for bankruptcy to avoid a judgment. (Declaration of Jared Rovira ("Rovira Dec.") ¶ 4).

**B.     Procedural History**

On September 9, 2024, Plaintiff filed a Proof of Service indicating that Plaintiff served Defendant on August 20, 2024, via substituted service on an individual identified as "Carlos H.," a receptionist, at the office of Mkhdesyan, the authorized agent for service of process. (Docket No. 10). Thereafter, Plaintiff caused copies of the Summons, Complaint, and associated documents to be served on Defendant via first-class, prepaid mail on August 23, 2024. (*Id.*).

On September 13, 2024, the parties filed a Stipulation, which extended Defendant's time to answer the Complaint until October 11, 2024. (Docket No. 11). On November 8, 2024, the Court ordered Plaintiff to show cause why the action should not be dismissed and directed Plaintiff to file an application for default by November 27, 2024, if Defendant had not already answered the Complaint by that time. (Docket No. 13). Plaintiff requested that default be entered on November 25, 2024, and the Clerk granted that request on December 2, 2024. (Docket Nos. 14-15).

Plaintiff then filed the present Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 24-06595-MWF (MARx) | Date: March 31, 2025 |
| Title: | Solo Industries, Inc. v. Herbonite, Inc. | |

## II.  DISCUSSION

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  The decision of whether to enter default judgment is within the sole discretion of the trial court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one").  To determine whether a default judgment is appropriate, the Court must assess whether Plaintiff has met the jurisdictional, procedural, and substantive requirements.

### A.  **Jurisdiction and Procedural Requirements**

Before entering default judgment, the Court has an "affirmative duty" to evaluate the basis for jurisdiction over the defendant, as "[a] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Federal courts do not have personal jurisdiction over a defendant unless he has been properly served in accordance with Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Rule 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Accordingly, service was properly made on Defendant here if it comported with the requirements of California state law.  California Code of Civil Procedure section 415.20(a) allows an entity to be served, "[i]n lieu of personal delivery of a copy of the summons and complaint to" the authorized agent, by "leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-06595-MWF (MARx) | **Date:** March 31, 2025 |
| **Title:** Solo Industries, Inc. v. Herbonite, Inc. | |

Here, service was made at Mkhdesyan's office upon a receptionist who the process server indicated was apparently in charge at the office at the time. (Proof of Service at 1). Copies of the Summons, Complaint, and other documents were thereafter sent by first-class, postage prepaid mail as required by the California Code of Civil Procedure.

The Court therefore finds that service was appropriate under the Federal Rules and California law, and that the Court has jurisdiction.

### B. Procedural Requirements

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). On December 2, 2024, the Clerk entered default against Defendant after it failed to respond to the Complaint. (Docket No. 15).

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant. The Court does not require service under Rule 4 but does require that the service is reasonably likely to provide notice to the defendant. Here, the Motion includes a Certificate of Service indicating that Plaintiff mailed a copy of the Motion to Defendant on February 28, 2025. (Motion at 32).

Accordingly, Plaintiff has met the procedural requirements for obtaining a default judgment.

### C. Substantive Requirements

With respect to the substantive requirements, the Ninth Circuit directs courts to consider seven discretionary factors before rendering a decision on a motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The seven factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 24-06595-MWF (MARx) | **Date:** | March 31, 2025 |
| **Title:** | Solo Industries, Inc. v. Herbonite, Inc. | | |

(6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *See id.*

### 1. Possibility of Prejudice

The first factor asks the Court to consider if prejudice to the Plaintiff would occur without the default judgment, e.g., where there is no "recourse for recovery" other than default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Defendant's failure to answer the Complaint constitutes an admission as to the allegations contained in the Complaint, the Court must accept these allegations as true. *See id.* at 500. Plaintiff will be without recourse and will likely suffer prejudice without judgment. Based on Plaintiff's representations, Defendant has sold 2,740 units of the Accused Product, which has caused Plaintiff to lose profits. (Motion at 25). Such activity would likely continue unabated in the absence of a judgment.

Accordingly, the first *Eitel* factor weighs in favor of default judgment.

### 2. Merits and Sufficiency

The second and third *Eitel* factors, which turn on the merits of Plaintiff's substantive claims and the legal sufficiency of the operative complaint, merit further analysis. *See Eitel*, 782 F.2d at 1471–72. Courts typically evaluate these factors together, looking to whether the plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). "[C]ourts often treat these as the [two] most important [*Eitel*] factors." *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM (PLAx), 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013). As a general rule when reviewing a motion of default judgment, a court must accept the factual allegations of the complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-06595-MWF (MARx) | Date: | March 31, 2025 |
| Title: | Solo Industries, Inc. v. Herbonite, Inc. | | |

Plaintiff advances a single claim for infringement of the '738 Patent. One engages in patent infringement where one "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). "[T]he oft-quoted 'all elements rule' . . . is that to prove infringement, every element in the claim must be found in the accused device either literally or equivalently." *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1562 (Fed. Cir. 1991).

Taking the allegations in the Complaint as true, Plaintiff has adequately stated a claim for patent infringement. Plaintiff alleges that Bryman invented the patented device, secured the '738 Patent, and assigned it to Plaintiff. (Complaint ¶ 8). Plaintiff set out the elements of Claim 1 of the '738 Patent, quoted above, and has alleged that the Accused Product infringes on each element of that Claim. (*Id.* ¶¶ 15-16).

Accordingly, the second and third *Eitel* factors favor default judgment.

### 3. Amount in Dispute

Under the fourth factor, the Court "must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *see also Eitel*, 782 F.2d at 1471–72. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-cv-2532, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted).

As discussed in greater detail below regarding remedies, Plaintiff's figures are reasonable because they reflect the measure of damages stemming from Plaintiff's lost profits and statutorily authorized treble damages. Though a significant figure in total, that figure is tailored to Defendant's specific misconduct.

Accordingly, the fourth factor favors default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 24-06595-MWF (MARx) | Date: March 31, 2025 |
| Title: | Solo Industries, Inc. v. Herbonite, Inc. | |

### 4. Possibility of Factual Dispute

"The fifth *Eitel* factor examines the likelihood of disputes between parties regarding material facts surrounding the case." *PepsiCo*, 238 F. Supp. 2d at 1177. Upon entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys.*, 826 F.2d at 917–18. Here, Defendant has shown no intent to participate in the action, default has been entered, and Plaintiff has demonstrated facts necessary to support its claims. Therefore, it seems unlikely a genuine issue may exist. *See Elektra Enter. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2019). Defendant has also not opposed the Motion.

Accordingly, this factor favors default judgment.

### 5. Excusable Neglect

Excusable neglect favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. There is no indication of excusable neglect here because Defendant was properly served with the Complaint. Further, Plaintiff represents that Defendant has negotiated with Plaintiff concerning this matter, as corroborated by the Stipulation to Extend Time to Respond to Initial Complaint being signed by Mkhdesyan. (Docket No. 11).

Accordingly, this factor favors default judgment.

### 6. Policy

Under the sixth factor, the Ninth Circuit has stated that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this factor may slightly weigh against entering default judgment, it is not dispositive in light of the other factors supporting default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177 (noting that the policy preference to decide cases on the merits "standing alone, is not dispositive").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-06595-MWF (MARx) | **Date:** March 31, 2025 |
| **Title:** | Solo Industries, Inc. v. Herbonite, Inc. | |

Accordingly, on balance, the Court concludes that the *Eitel* factors weigh in favor of granting the Motion.

### D.  Remedies

Here, Plaintiff seeks $90,420.00 in compensatory damages—enhanced to $271,260.00 in total damages—and $50,654.00 in prejudgment interest.  (Motion at iii-iv).  Plaintiff also seeks a declaration that the Accused Product infringes the '738 Patent; a permanent injunction prohibiting Herbonite, WickiePipes, and its directors and officers, among others, from future infringement; and attorneys' fees, costs, and post-judgment interest in an amount to be determined.  (*Id.*).

All of Plaintiffs' requested remedies are appropriate.  The Court begins with compensatory damages.  Plaintiff's compensatory damages figure is based on lost profits caused by sales of the Accused Product.  (*Id.* at 23-25).  Plaintiffs in patent infringement actions may demonstrate their entitlement to damages based on lost profits by showing: "(1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit it would have made."  *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995).

Plaintiff has demonstrated these four elements.  Plaintiff represents that in communications with Defendant relating to this matter, the parties have essentially engaged in informal discovery, through which Defendant has disclosed to Plaintiff that it sold 2,740 units of the Accused Product between August 1, 2018, and August 1, 2024.  (Declaration of Gary Bryman ("Bryman Dec.") (Docket No. 31-1), ¶ 25, Ex. B-6).  This documentation suggests both that there was demand for the patented product (accepting Plaintiff's alleged facts that the Accused Product is infringing for purposes of this motion) and provides a clear indication of the amount of profit Plaintiff would have made, as explained below.

Plaintiff has also effectively proven the second and third elements.  While difficult to prove the absence of a fact, Bryman has declared that Plaintiff is unaware

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-06595-MWF (MARx) | **Date:**  March 31, 2025 |
| **Title:** | Solo Industries, Inc. v. Herbonite, Inc. | |

of any non-infringing substitutes.  (*Id.* ¶ 28).  Bryman also declares that Plaintiff would have been able to meet the demand for the 2,740 units.  (*Id.* ¶ 29).

Plaintiff's Solo Pipe product has a $33.00 average profit margin per unit sold.  (*Id.* ¶¶ 25-27).  Multiplied by the 2,740 units sold by Defendant, this results in Plaintiff's claimed compensatory damages amount of $90,420.00.  This figure is well tailored to Plaintiff's actual damages.

Plaintiff also seeks treble damages.  35 U.S.C. § 284 permits "the court [to] increase the damages up to three times the amount found or assessed."  The Court has "discretion in meting out enhanced damages" in patent actions, and there is no "rigid formula."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016).  "Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior."  *Id.* at 103.

Because the infringing behavior here is egregious and willful, the Court finds that treble damages are an appropriate sanction.  This is not the typical case of patent infringement.  Rather, this case follows a previous case in which a predecessor of Defendant violated a patent of the same Plaintiff.  (Motion at 4-6).  When Plaintiff secured a judgment, the predecessor allegedly underwent bankruptcy to avoid paying the judgment and established Defendant.  (*Id.* at 5-6).  Defendant began selling products that also infringed on Plaintiff's patent, despite its actual knowledge of Plaintiff's patent portfolio.  (*Id.* at 5).  As discussed, Mkhdesyan, Defendant's principal, was actually present for hearings in the course of the prior proceedings.  (*Id.*).  Defendant sold the Accused Product using a minor variation ("WickiePipes") on the earlier business name ("WickiePipe") that was the subject of the injunction in the prior proceeding, after Defendant's predecessor was forced to turn over the wickiepipe.com domain name to Plaintiff.  (*Id.* at 6).  Defendant has apparently represented that it will undergo bankruptcy to avoid paying a judgment in this matter.  (Rovira Dec. ¶ 4).  Defendant is well aware of this litigation and has apparently made the conscious decision not to defend itself.  (*See* Docket No. 11).  Most importantly, Mkhdesyan (and perhaps others) has willfully and egregiously defied the injunction entered in the prior proceedings which prohibited "officers, directors, principals,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-06595-MWF (MARx) | Date: March 31, 2025 |
| Title: Solo Industries, Inc. v. Herbonite, Inc. | |

agents, servants, employees, successors and assigns" of Mbyan from infringing on Plaintiff's patents.

All of these facts point toward Defendant willfully and egregiously infringing on Plaintiff's patents in defiance of court orders. Treble damages are warranted in such a case.

Next, Plaintiff argues that it is entitled to prejudgment interest in the amount of $50,654.00. (Motion at 29). 35 U.S.C. § 284 establishes that "[u]pon finding for the claimant the court shall award the claimant damages . . . together with interest and costs as fixed by the court." "[P]rejudgment interest in patent cases is withheld only under exceptional circumstances." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). "[T]he question of the rate at which such an award should be made is a matter left to the sound discretion of the trier of fact." *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1580 (Fed. Cir. 1988).

Prejudgment interest begins to accrue on the date of infringement and continues until the date of judgment. *GoTV Streaming, LLC v. Netflix, Inc.*, No. CV 22-07656-RGK (SHKx), 2024 WL 1832392, at *2 (C.D. Cal. Jan. 16, 2024).

> In exercising their discretion, courts consider whether the patent owner was in a position to invest hypothetical royalty payments and whether such payments would have offset borrowing by the patent owner. . . . In the absence of evidence of a patent owner's borrowing history to support a higher rate, courts will apply either the state statutory interest rates or the U.S. Treasury bill rate.

(*Id.*). California's state statutory interest rate is 7.0%. Cal. Const. Art. XV § 1.

Here, Plaintiff requests prejudgment interest from August 1, 2020, compounding quarterly at the 7% state statutory rate. (Motion at 29). The Court finds this a reasonable award. Plaintiff seeks substantially less than it is arguably entitled to, given that Defendant apparently began selling the Accused Product in August 2018, not August 2020. (*See* Bryman Dec. ¶ 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-06595-MWF (MARx) | **Date:** March 31, 2025 |
| **Title:** Solo Industries, Inc. v. Herbonite, Inc. | |

Additionally, as is required under 28 U.S.C. § 1961, Plaintiff is entitled to post-judgment interest. *See id.* ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Finally, Plaintiff requests a permanent injunction. To demonstrate entitlement to injunctive relief, a plaintiff must establish: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff has suffered and is likely to continue to suffer irreparable injuries in the absence of a permanent injunction. For the same reason, Plaintiff's remedies at law are not adequate to fully compensate Plaintiff for these injuries. Courts have previously found that "[t]he essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent" and that, therefore, "infringement may cause a patentee irreparable harm not remediable by a reasonable royalty." *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008) (citing 35 U.S.C. § 154(a)(1)). That is especially so here where Defendant and its principal have demonstrated an intent to continue infringing and have done so for over ten years, in consideration of the earlier lawsuit.

There is also no cognizable hardship to Defendant by issuing a permanent injunction that forces Defendant to comply with the law. *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, No. CV 14-02307-RSWL (FFMx), 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014).

Finally, "the touchstone of the public interest factor is whether an injunction . . . strikes a workable balance between protecting the [holder's] rights and protecting the public from the injunction's adverse effects." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 858 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011). Here, a permanent injunction would merely enforce Plaintiff's federally guaranteed rights, which furthers the public interest. Plaintiff's request for a permanent injunction is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-06595-MWF (MARx) | **Date:** March 31, 2025 |
| **Title:** | Solo Industries, Inc. v. Herbonite, Inc. | |

Additionally, Plaintiff seeks attorneys' fees and costs associated with this litigation. 35 U.S.C. § 285 permits the award of attorneys' fees in exceptional patent cases to the prevailing party. The Court finds that this is an exceptional case warranting an award of attorneys' fees.

> An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). For the reasons articulated throughout this Order—and particularly in light of those facts that warrant treble damages—the Court finds that this is a case of unusually egregious conduct. As Plaintiff has not substantiated their fees and costs in the Motion, Plaintiff may submit further evidence of their fees in a subsequent motion.

### III. CONCLUSION

Accordingly, the Motion is **GRANTED**. The Court finds that Plaintiff demonstrated entitlement to compensatory and treble damages in the total amount of **$271,260.00**. Additionally, Plaintiff is entitled to prejudgment interest in the amount of **$50,654.00**. Plaintiff is also entitled to a permanent injunction, attorneys' fees, costs, and post-judgment interest.

A separate judgment shall issue.

IT IS SO ORDERED.